PEOPLE v. FREEMAN.

(Supreme Court, Appellate Division, First Department.  February 13, 1914.)

1. ARSON (§ 21*)—INDICTMENT—REQUISITES.

Where an indictment for arson alleged that the house burned was situated in New York county and that there was within the house a human being, it was not objectionable for failure to precisely charge the location of the house in which the fire was set, or to specify the particular human being who was in the house at the time.

[Ed. Note.—For other cases, see Arson, Cent. Dig. §§ 48, 49; Dec. Dig. § 21.*]

2. CRIMINAL LAW (§ 396*)—EVIDENCE ADMISSIBLE BY REASON OF INTRODUCTION OF SIMILAR EVIDENCE.

Where, in a prosecution for arson, defendant cross-examined the actual incendiary as to numerous fires he had set, and the particulars of many of them, defendant could not object that the court erroneously permitted evidence of other criminal fires.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 861, 862; Dec. Dig. § 396.*]

3. CRIMINAL LAW (§ 370*)—EVIDENCE—OTHER FIRES—GUILTY KNOWLEDGE.

Where, in a prosecution for arson, the state claimed that defendant was a member of a conspiracy to defraud insurance companies by criminal fires, and it was not charged that defendant had any hand in starting the fire in question, evidence that two others, who were shown to have been connected with defendant, had been engaged in the perpetration of a series of like offenses, was admissible to show defendant's guilty knowledge that the particular fire for which he was indicted was of incendiary origin, and to establish the criminal agency of the person who set the fire.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 825–829; Dec. Dig. § 370.*]

4. CRIMINAL LAW (§ 511*)—ACCOMPLICES—CORROBORATION.

In a prosecution for arson, evidence that the "firebug" visited defendant's office and had conversations with him more frequently than could reasonably be accounted for unless they were engaged in some common enterprise, and as soon as the fire in question broke out defendant was notified by telephone and sent his clerk to the scene to procure the policy and to make an inventory, the clerk having been instructed by defendant to find the "firebug," who would introduce him to the owner of the property burned, which occurrence happened precisely as defendant said it would, was sufficient to corroborate the testimony of the accomplices as to the fraudulent nature of the fire and defendant's connection therewith.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1128–1137; Dec. Dig. § 511.*]

5. CRIMINAL LAW (§ 511*)—ACCOMPLICES—CORROBORATIVE TESTIMONY—EVIDENCE.

It is not necessary that evidence corroborating an accomplice should of itself be sufficient to show the commission of the crime, or defendant's connection with it; but it is sufficient if it tends to connect defendant with the crime, though it is not wholly inconsistent with the theory of his innocence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1128–1137; Dec. Dig. § 511.*]

Appeal from Court of General Sessions of City of New York.

Henry C. Freeman was convicted of arson in the second degree, and he appeals.  Affirmed.

See, also, 158 App. Div. 918, 143 N. Y. Supp. 1135.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Robert H. Elder, of New York City, for appellant.
Robert C. Taylor, of New York City, for the People.

SCOTT, J. This is an appeal from a judgment of the Court of General Sessions in the city of New York, convicting the defendant of the crime of arson in the second degree.

Defendant was a public adjuster of fire losses, by which is meant that he solicited employment by, and acted as the representative of, persons who had suffered losses by fire in the settlement of their claims against insurance companies. He retained the services of certain newspaper reporters at police and fire headquarters in order that he might have early notice of each fire as it broke out, and employed a number of runners, whose duty it was to go promptly to each fire and solicit the adjustment of the loss. In this branch of the business he used several automobiles.

The particular crime for which defendant was indicted and of which he was convicted was the participation, as an accessory before the fact, in the setting fire to a dwelling house, the actual incendiary being one Isadore Stein, a self-confessed "firebug," and the property intended to be consumed as a basis for a claim belonging to one Abraham Sliten.

The theory of the prosecution, which the evidence fully supported, was that defendant, Stein, and an insurance broker named Goldman had engaged in an unlawful partnership or conspiracy to profit from incendiary fires; Goldman's part being to procure the insurance, Stein's to actually set fire to the property, and defendant's to adjust and collect the loss. In the particular case at bar the evidence was that Sliten, a poor man living in a tenement house and who was hard pressed for money, was induced to enter into the conspiracy to have an incendiary fire set in a closet in his apartment; a policy of insurance having been procured by Goldman. Stein confessed to having started the fire, and it is admitted that defendant adjusted the loss. The defendant was tried before a jury which seems to have been extremely intelligent and alert and who evidently followed the evidence with great care, as is indicated by the numerous and pertinent questions put to witnesses by members of the jury. The judge who presided was eminently fair, and more than careful that nothing improperly prejudicial to defendant should be allowed in the evidence. After carefully examining the whole case, we are convinced that the defendant's guilt was fully established, and the only question which we are called upon to consider is whether or not any legal error was committed which necessitates a new trial, keeping in mind the mandate contained in section 542 of the Code of Criminal Procedure that:

"After hearing the appeal the court must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties."

[1] Objection was made to the sufficiency of the indictment because it did not state with precision the location of the house in which the

fire was set and did not specify the particular human being who was within the house at the time. It did state that the house was situated in the county of New York, and that there was within the house some human being. This was all that was requisite. People v. Buddensieck, 103 N. Y. 487, 9 N. E. 44, 57 Am. Rep. 766; People v. Stedeker, 175 N. Y. 57, 67 N. E. 132; People v. Weiss, 158 App. Div. 238, 142 N. Y. Supp. 1092. If defendant required any more definite location of the fire to enable him to prepare his defense (of which there is no indication in the record), his proper course was to have moved for a bill of particulars; but, under the facts as they were developed at the trial, he could have had no doubts on this subject.

[2] It is urged as a ground for reversal that the court erroneously permitted evidence of other criminal fires to be introduced. Under the theory upon which the prosecution proceeded, it was almost inevitable that references to other fires should creep into the record; but, as a matter of fact, the learned trial judge was careful to keep out, so far as possible, all reference to other incendiary fires and defendant's possible connection with them, until the defense opened a wide door for the admission of such evidence by cross-examining Stein, the actual incendiary, as to the numerous fires he had set and the particulars of many of them. People v. Buchanan, 145 N. Y. 1, 39 N. E. 846.

[3] In suggesting that defendant's alleged grievance on this score is not a substantial one, we are not to be understood as intimating that it would have been improper to have introduced evidence in behalf of the prosecution to show that defendant, Stein, and Goldman had been engaged in the perpetration of a series of like crimes. It would have been relevant to show defendant's guilty knowledge that this particular fire, for which he was indicted, was of incendiary origin, and, since it is not charged that he personally had a hand in starting the fire, it was relevant to show his foreknowledge of its character to establish both his guilty knowledge and Stein's criminal agency. People v. Weisenberger, 73 App. Div. 428, 77 N. Y. Supp. 71.

[4, 5] It is also urged that the testimony of Stein, the incendiary, and of Sliten, whose goods were burnt, both of whom were admittedly accomplices, was not sufficiently corroborated. We think, on the contrary, that the corroboration was ample. There was evidence, apart from that of the accomplices, that the firebug Stein visited defendant's office and had conversations with him much more frequently than could reasonably be accounted for unless they were engaged in some common enterprise. But the most significant corroborative evidence is as to what occurred as soon as the Sliten fire broke out. Defendant was at once notified of the fire over the telephone undoubtedly by Stein, but at all events by some one who is not identified as any other than Stein. Defendant then sent his clerk, one Singer, to the scene to procure the policy of insurance and to make an inventory. Singer did not know Sliten, the insured, and was instructed to find Stein, and that Stein would bring him to Sliten. This happened just as defendant had said that it would. Singer did look for and find Stein, and by Stein was brought to meet Sliten and to procure the policy upon

which the loss was afterwards adjusted. No better corroboration is needed of Stein's story of the intimate and peculiar relation between himself and defendant.

"It is not necessary that the corroborative evidence of itself should be sufficient to show the commission of the crime or to connect the defendant with it. It is quite sufficient if it tends to connect the defendant with the commission of the crime. Nor need the corroborative evidence be wholly inconsistent with the theory of the defendant's innocence." People v. Elliott, 106 N. Y. 288, 12 N. E. 602; People v. Carlesi, 154 App. Div. 481, 139 N. Y. Supp. 309, affirmed 208 N. Y. 547, 101 N. E. 1114, on opinion below; People v. Patrick, 182 N. Y. 131, 74 N. E. 843.

We find no other exception or objection to the judgment which requires discussion.

Judgment affirmed. All concur.