THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HERBERT KELLEY, Appellant.

Third Department, June 27, 1930.

*Robert O. Brink* and *Lee, Levene & Verreau* [*Edwin F. Verreau* of counsel], for the appellant.

*Frank W. Barnes, District Attorney,* for the respondent.

PER CURIAM. It is alleged that Catherine Biviano, under sixteen years of age, escaped from the Chenango county jail where she was confined under a sentence for juvenile delinquency, and was

harbored in the house of defendant, where, it is said, she saw him sell whisky. This conduct on the part of the defendant, it is charged, would injure the morals of a child, and be a violation of section 494 of the Penal Law. The defendant was convicted in the City Court of Norwich, an appeal taken to the Chenango County Court where the conviction was reversed, on the ground that the City Court did not have jurisdiction of the offense. While this appeal was pending in County Court, the matter was presented to the grand jury and an indictment obtained, and also an information was presented to the Chenango County Children's Court, charging the defendant with the same act. The judge dismissed the information, holding that the Children's Court did not have jurisdiction.

There are three appeals to this court, one by the People from the decision of the County Court reversing the judgment of the Norwich City Court; one by the People from the order of the Children's Court dismissing the information, and the third by the defendant from the order of the County Court disallowing a demurrer to the indictment. No comment is necessary upon the practice of commencing prosecutions in two courts against the same person, for the same alleged criminal act, during the time the conviction of the defendant for that act in still another court is being reviewed on appeal.

The order of the County Court reversing the conviction in City Court should be affirmed. The misdemeanor here charged is not one of those enumerated in section 56 of the Code of Criminal Procedure. It is one of the misdemeanors mentioned in section 1937 of the Penal Law, for which the punishment is not to exceed imprisonment for one year in a penitentiary or county jail or a fine of $500 or both. The jurisdiction of the City Court is given in sections 285, 286 and 289 of the Norwich City Charter (Laws of 1914, chap. 34). The jurisdiction there given differs from that of village courts as defined by section 182 of the Village Law, which was considered by this court recently in *People* v. *Kraft* (229 App. Div. 281). The legislative intent as to the jurisdiction here conferred is not too clear. While the 1st and 3d sentences of section 285 would seem to confer jurisdiction upon the court to try any misdemeanor, this power is limited by sections 286 and 289 to those misdemeanors which are listed in section 56 of the Code of Criminal Procedure. Also, reference to section 211 of the Code of Criminal Procedure limits it to those misdemeanors which are punished by a fine not exceeding fifty dollars or by imprisonment for a term not exceeding six months.

The order of the Children's Court dismissing the information

and charge should be reversed. This court has twice considered the jurisdiction of Children's Courts. (*People* v. *Hopkins*, 208 App. Div. 438; *People* v. *De Pue*, 217 id. 321.) In those cases it was decided that the Children's Court had jurisdiction to try an adult who had contributed to the delinquency, neglect or dependency of a "delinquent, neglected or dependent" child. In this information it is charged that Catherine Biviano was a delinquent child, having been convicted of juvenile delinquency, and that the defendant Kelley contributed thereto.

The order of the County Court overruling the demurrer to the indictment should be affirmed. The Court of Appeals in the recent case of *People* v. *Bogdanoff* (254 N. Y. 16) sustained an indictment which charged that defendants did commit "murder in the first degree contrary to Penal Law, section 1044." This indictment is proper under that authority.

By our decisions the defendant will be charged with the same offense in two different courts. This will arise because the prosecuting officer followed the unusual practice of seeking to prosecute in two courts at one time. Prior jeopardy is a defense which can be pleaded, but does not affect such preliminaries as informations and indictments. (*People* v. *Smith*, 172 N. Y. 210, 226.)

VAN KIRK, P. J., HINMAN, WHITMYER, HILL and HASBROUCK, JJ., concur.

Order of Chenango County Court overruling the demurrer to the indictment affirmed.