ALVA SEYBOLT and Another, as Executors, etc., of ADDIE B. STILSON, Deceased, Respondents, v. EUGENE B. SOUTHWORTH, Appellant, and Another.— Judgment in favor of plaintiff reversed on the law and facts, with costs, and judgment in favor of defendant, appellant, dismissing plaintiffs' complaint and for $100.31, with interest from September 1, 1932, granted, with costs. The court reverses the fifth finding of fact contained in the decision and adopts the findings made by the referee at the request of defendant, appellant, and further makes the findings requested by the defendant, appellant, but which were refused by the referee. Opinion by Hill, P. J. (which is not to be published because not of general interest). Crapser and Heffernan, JJ., concur; Rhodes, J., dissents, with a memorandum (which is not to be published because not of general interest), in which Bliss, J., concurs.

BERTHA GRADY, Respondent, v. CONCORDIA FIRE INSURANCE COMPANY OF MILWAUKEE, Appellant.— Judgment affirmed, with costs. Hill, P. J., McNamee and Crapser, JJ., concur; Rhodes, J., dissents, with an opinion (which is not to be published because not of general interest), in which Bliss, J., concurs.

In the Matter of the Proceeding under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad Operated by LEHIGH VALLEY RAILROAD COMPANY and Waverly-Lockwood County Highway No. 1078, Known as Cayuta Creek Road Crossing, Located about Two Miles North of Waverly Station in the Town of Barton, Tioga County. (Case No. 5990.) LEHIGH VALLEY RAILROAD COMPANY, Appellant. Order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

JOHN LEE STARK, Appellant, v. HOWE SOUND COMPANY, INC., and COMPANIA INDUSTRIAL EL POTOSI, S. A., Respondents.— Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

GLENS FALLS INDEMNITY COMPANY, Respondent, v. GUY FREDELLA, Appellant. — Order reversed, on the law and facts, with ten dollars costs and disbursements, and motion to set aside verdict and for a new trial granted, with ten dollars costs, on the ground that the juror, Wright, either wrongfully concealed an acquaintance with William H. Purse, the most material witness for plaintiff, or was suffering from such pronounced deafness as to render him disqualified to serve as a juror. (Judiciary Law, § 502, subd. 4.) Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.