JAMES MURPHY, an Infant under the Age of Fourteen Years, by ROSE MURPHY, His Guardian ad Litem, and Another, Respondents, v. 16 ABINGDON SQUARE REALTY CORPORATION, Appellant.— On the trial of an action to recover damages for personal injuries the verdict was for the defendant. A motion by plaintiffs for a new trial under appropriate provisions of section 549 of the Civil Practice Act was denied. Later the plaintiffs made a motion on an affidavit and the judge's minutes for a new trial because of the alleged misconduct of a juror, stating that the juror had incorrectly answered in the negative a general question addressed to all the jurors as to whether any one of them had ever been sued in a similar

action. As a matter of fact this juror had been sued in a negligence action three and one-half years before, but it had not been brought to trial. His answer appears not to have been made in bad faith but under the mistaken impression that the question involved a trial of the issues instead of the bringing of the action. It appears that the jurors had been asked the further general question as to whether " any juror was prejudiced against an action of this kind," which he had also answered in the negative. There is nothing to indicate that the juror was anything but fair and impartial, or that the question of his own suit was ever mentioned or considered. The verdict was the deliberate conclusions of twelve jurors. The trial justice had no jurisdiction to determine this question in the manner presented. The Trial Term was at an end before the order was granted. The motion should have been made at Special Term. (Civ. Prac. Act, § 552; *Werner* v. *Interurban Street R. Co.*, 99 App. Div. 592.) There is very little shown in the affidavits as to the nature of the action, and nothing at all as to the merits of plaintiffs' case. If we were to consider the merits we would reach the conclusion that, under the circumstances, the verdict should not have been set aside. (*Werner* v. *Interurban Street R. Co.*, 99 App. Div. 592; *Jones* v. *L' Ecluse*, 134 id. 928; *Perry* v. *New York Central & Hudson R. R. R. Co.*, 169 id. 83; *Stone* v. *O' Neil*, 93 Misc. 245; *Dimmick* v. *Colonial Motor Coach Corporation*, 136 id. 299.) Order reversed on the law and the facts, motion denied and verdict reinstated, with costs. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.