THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK HANDLER, Appellant.— We find the indictment sufficient under the provisions of sections 295-b and 295-c of the Code of Criminal Procedure. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ. All concur, except Crosby and Lewis, JJ., who dissent and vote for reversal on the law and dismissal of the indictment in the following memorandum by Lewis, J.: My study of the record upon this appeal leaves me in doubt as to the legal sufficiency of the indictment. I resolve that doubt in favor of the defendant and accordingly dissent. The essential element of the several offenses against which section 390 of the Penal Law is directed is the making of a contract for the purchase or sale of securities under circumstances which indicate an intent to terminate or settle the transaction according to market quotations without intending that a bona fide purchase or sale will result. Although I recognize the rule stated in People v. Farson (244 N. Y. 413), which requires us to construe an indictment liberally and reject technical objections, I am not convinced that the accusation of the indictment now before us sufficiently charges the defendant with having intended at the time of making the contract involved that it would not result in a bona fide purchase or sale. In sustaining the sufficiency of the indictment the majority of the court view its provisions as being within the

simplified form authorized by sections 295-b and 295-c of the Code of Criminal Procedure. I cannot agree with that conclusion. The case was tried and the appeal argued, as involving what is commonly termed a common-law or long-form indictment. In view of the fact that section 390 of the Penal Law specifies four offenses each of which may arise from a different set of circumstances, the indictment under consideration is indefinite in that it does not specify with which of these four offenses the defendant is charged. (The judgment convicts defendant of a violation of section 390 of the Penal Law.) Judgment of conviction affirmed. [Affd., 268 N. Y. ——.]