THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AL ROSEN, Appellant.

Third Department, July 2, 1937.

*Rose Silverstein* [*George H. Rosen* of counsel], for the appellant.

*William Deckelman, District Attorney*, for the respondent.

RHODES, J. The indictment herein charges the defendant with attempt to commit arson in the second degree in that on the 13th day of September, 1935, in the night time, he sought to burn a certain dwelling house in the village of Monticello, N. Y., owned by him.

The bill of particulars supplementing the indictment states that the dwelling house referred to in the indictment " is located on the easterly side of a highway in the Village of Monticello, known as Pleasant Street and easterly of a building used as an ice cream factory * * *, which said building so used is directly east of the premises known as 52 Pleasant Street in the said village and that the said dwelling house so referred to in the said indictment is on the same lot known as 52 Pleasant Street."

Upon the lot in question is a dwelling house fronting on the street and occupied by a tenant. In the rear of said tenant house and easterly thereof upon the same lot was an ice cream plant operated by the defendant. There was also a barn upon the lot and toward the rear of the lot was a small bungalow occupied by the defendant and his family, said bungalow being the building which he is charged with attempting to burn. While the indictment alleges that defendant is the owner, his wife testified that she is the owner of the entire premises.

The defendant moved to quash the indictment upon the ground that the grand jury was not properly constituted in that the original list of grand jurors prepared by each supervisor was filed with the county clerk instead of a composite list of all the proposed grand jurors, after certification thereof by the clerk of the board of supervisors, as provided by section 229-d of the Code of Criminal Procedure.

By section 238 of said Code, challenges to the panel or to the array of the grand jury are no longer allowed. The defendant was not prejudiced by the irregularity. (*People* v. *Hooghkerk,* 96 N. Y. 149; *People* v. *Petrea,* 92 id. 128; *Carpenter* v. *People,* 64 id. 483.)

Defendant further argues that the indictment was insufficient in that it charged him with an attempt to burn his own house and that this does not constitute a crime. While this was the rule at common law, the statute now is to the contrary. (*Shepherd* v. *People,* 19 N. Y. 537; Penal Law, § 222.)

Further, defendant argues that the indictment is insufficient in that it does not charge that there was no human being in the premises at the time. The indictment need not set forth all the elements of the crime. (Code Crim. Proc. §§ 284, 285, 295-b, 295-c, 295-h.)

The defendant argues that the indictment herein is in the so-called long form; that any omissions therein may not be supplied by a bill of particulars. Section 295-g of the Code of Criminal Procedure is general in its terms, and provides that at any stage of the proceedings the court shall, upon request, direct the district attorney to file a bill of particulars; the section should not be limited in its scope or application.

The objection of the defendant that the indictment and bill of particulars are insufficient to apprise him of the location of the premises attempted to be burned is without merit. (See Code Crim. Proc. § 285; *People* v. *Farson,* 244 N. Y. 413; *People* v. *Freeman,* 160 App. Div. 640; affd., 213 N. Y. 688.)

At the commencement of the trial defendant's counsel requested the district attorney to elect under what subdivision of section 222 of the Penal Law he was proceeding. The district attorney was not bound to elect (Code Crim. Proc. § 279-a), and declined to do so, but stated that he was proceeding under subdivision 2 thereof, which refers to the burning in the night time of a dwelling house wherein at the time there is no human being.

The court, at defendant's request, charged that the indictment charges the defendant with intent to burn his own house and does not charge him with intent to defraud or prejudice any insurance company. This eliminated subdivision 5 of said section 222, which relates to the burning of a building with intent to prejudice or defraud the insurer thereof.

The evidence supporting the indictment is to the effect that on September 13, 1935, Charles Kurz, a constable, about eight-five P. M., daylight saving time, went to said bungalow to serve a paper on defendant. He found the bungalow locked, but, looking through

the glass of the front door, noticed a light flickering near a landing at the foot of the stairs and a candle burning on the landing. He went in search of one of the officers of the village fire department and located the assistant fire chief, Arthur Mapledoram. They went to the bungalow, found all the doors and windows locked, broke the lock on the front door and entered about eight-twenty-five o'clock. The candle had burned down to about an eighth of an inch, and Mapledoram extinguished it. The candle was standing on a large quantity of toilet paper, which was saturated with gasoline; streamers of toilet tissue led from the landing to beds and a cot in the second-story bedrooms, the streamers and the bedding being soaked with gasoline. Streamers saturated with gasoline also led from said landing to the furnishings on the first floor, which was also similarly saturated. The streamers were pinned to the bedding or furnishings and fastened to the saturated tissue on the landing. A hole had been torn in the ceiling on the first floor, making a vent to the second floor directly over a couch to which gasoline-soaked streamers had been pinned.

A five-gallon oil can was found on the first floor, similar to a can which defendant had obtained filled with gasoline from a gas station that afternoon, and on the second floor were found two wads of paper in the shape of stoppers which fitted into the spout and top of said can and were similar to those which had been placed in the can by the proprietor of the gas station.

The defendant's family had left that afternoon for New York city.

Mrs. Kontos, the tenant residing in the house on the front of the premises, testified she saw no one except the defendant and the constable above referred to on the premises after the family left.

Defendant, among other things, claims an alibi. He testified that he left for Middletown about five P. M., arriving about six P. M., where he remained until he took a nine-forty P. M. train from the Erie station for New York city. His presence in Middletown was testified to by other witnesses. Middletown is about twenty-four miles distant from Monticello.

Without discussing the evidence in detail it may be said that, while the proof connecting the defendant with the crime is circumstantial, it is sufficient to support the verdict of the jury.

Appellant complains as to various rulings asserted to be erroneous and prejudicial.

A witness for the People, over defendant's objection, was permitted to testify that there was a policy for $1,500, covering the household property in the bungalow, defendant's wife being the

person insured. The court stated that he would allow the testimony as bearing upon the question of motive, if any. Later defendant's motion to strike out the testimony was denied. He claims that the ruling was error and places particular reliance upon *People* v. *Kelly* (11 App. Div. 495, a case in this Department; appeal dismissed, 153 N. Y. 651).

It was there said that the evidence in that case as to insurance offered for the purpose of establishing a motive should have been stricken out, inasmuch as there was no proof of over-insurance. The reversal was not solely upon this ground, but upon the general ground that no case had been made against the defendant. The evidence bearing upon his guilt was wholly circumstantial; it was not claimed that the accused set the fire, but it was asserted that he was connected with the crime by inducing it to be committed.

Although in the case at bar the court received the testimony upon the question of motive, it was not necessary that the purpose of its reception should have been thus limited. It was competent not because of itself it indicated either guilt or innocence of the accused, but because it was one of the existing circumstances making up the picture, the background and the setting in the light of which the acts of the defendant were to be appraised and judged. (See *Shepherd* v. *People, supra.*)

The defendant apparently recognized this rule because evidence was introduced in his behalf showing facts concerning other insurance for the benefit of the mortgagee of part of the premises and showing that no insurance existed upon the ice cream plant or its contents. The fact as to insurance and lack of insurance was quite fully covered by defendant's witnesses.

Moreover, the court, in its charge, at the request of the defendant, limited the effect of the indictment so as to exclude subdivision 5 of section 222 of the Penal Law relative to the burning with intent to prejudice or defraud an insurer, and in its main charge said: " Certain evidence was produced by the prosecution as to the insurance. Suspicion does not attach to one accused of arson merely because property is insured. That evidence was permitted simply as bearing upon the question of motive, if any. Little weight is given to this class of testimony unless it is shown that the accused believed or knew that the property was over-insured."

It would seem that the rights of the defendant were fairly protected in this respect.

The same may be said as to the objection of the defendant as to the reading of the whole of section 222 by the court in its charge to the jury, in view of the fact that subdivision 5 thereof, relative to insurance, was expressly withdrawn.

There is no merit to the defendant's objection that the amendment █ to said subdivision 5 is *ex post facto* as to the defendant. The amendment enlarged the subdivision by making it arson in the second degree to burn a building with intent to prejudice or defraud the insurer of any articles of property therein; it became effective after the commission of the alleged crime. However, as stated, subdivision 5 was eliminated from consideration.

The last objection to be discussed relates to the denial of defendant's motion for a new trial on the ground of alleged misconduct of two jurors. Juror Denman resided in the town of Liberty, approximately fifteen miles from Monticello. It is claimed that he failed to reveal that his son was a member of the volunteer fire company at Livingston Manor. Denman, in his affidavit, states that he was not asked whether any member of his family was a member of a fire company, and that he did not then know and did not know at the time of the making of the affidavit whether his son was a member of the Livingston Manor fire department; that all the knowledge he had on the subject was what he heard from third parties.

The other juror referred to was Arthur E. Schliermacher, who resided at Livingston Manor, about twenty miles from Monticello, and who was president of the same volunteer fire company at said place, of which Denman was a member. He was also a constable. Schliermacher denies that he was asked whether he was a member of a fire department; says that he was asked as to whether or not he knew certain members of the Monticello fire department, to which he replied that he had met them, but did not know them very well, and swears that he answered all questions truthfully. This was the first time he had sat on a jury panel. Defendant claims that the question as to membership in a fire company was asked collectively of all the jurors. This is denied by the prosecution. Defendant's point is that the juror, having heard the question asked of other jurors, knew that information on the subject was being sought, and that it was his duty to disclose the fact of his membership.

There is no question that it is the duty of a juror to answer truthfully questions put to him touching his qualifications and that he should not keep silence if in good conscience he ought to reveal facts which he has reason to believe would render him unacceptable as a juror. (*Glens Falls Indemnity Co.* v. *Fredella*, 241 App. Div. 637; *McGarry* v. *City of Buffalo*, 24 N. Y. Supp. 16; affd. on opinion below, 70 *H*un, 597; *Fealy* v. *Bull*, 11 App. Div. 468.)

The record discloses no untruthful answers to any questions propounded to these jurors, and, upon the evidence submitted, the trial judge was justified in holding that there was no intentional concealment. He having knowledge of the facts, and having exercised his discretion in the matter, his decision should not be disturbed, as there is nothing calling for different action.

There are some other points raised which are not of sufficient importance to require discussion.

The judgment should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment of conviction affirmed.