THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS R. THOMPSON, Defendant.

County Court, Chenango County, March 2, 1939.

*Lester H. Mosher, District Attorney,* for the plaintiff.

*Charles D. Clinton [H. C. Stratton* of counsel], for the defendant.

BROWN, J. Defendant has been indicted by a grand jury of this county charging him with forgery in the third degree under subdivision 3 of section 889 of the Penal Law, and demurs to the indictment. He attacks the sufficiency of the indictment on the ground that it does not state the material facts which constitute the crime of forgery in the third degree as defined in the subdivision and section above mentioned. The indictment charges that " The said Thomas R. Thompson, between on or about the first day of November, 1938, and on or about the 8th day of November, 1938, at the Town of Coventry, in the County of Chenango and State of New York, feloniously did cause, aid, abet, and otherwise connive at, and was a party to the uttering of a communication, paper or instrument purporting to have been written or signed by one Zola E. Mitchell, or to be a copy of a paper or writing purportedly written or signed by said Zola E. Mitchell, which said communication, paper or instrument as aforesaid, said Thomas R. Thompson knew to be false, forged, or counterfeited, and by the uttering of which the sentiments, opinions, prospects and interests of said Zola E. Mitchell were misrepresented or otherwise injuriously affected, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity." It is the contention of defendant's counsel that the pleading on behalf of the People should have alleged the " sentiments and opinions " entertained by or the particular " prospects, interests or rights " of Zola E. Mitchell which were " misrepresented or otherwise injuriously affected."

At the general election held November 8, 1938, in the town of Coventry, this county, the electors of that town were to vote on the three local option questions contained in group A of section 141 of the Alcoholic Beverage Control Law. Zola E. Mitchell was the town clerk of the town of Coventry and, in compliance with section 109 of the Election Law, caused to be prepared for the purposes of public inspection sample ballots containing the questions to be

submitted. The statement was captioned: "Notice of Local Option Election, Town of Coventry, N. Y." Question 1 dealt with the sale of alcoholic beverages to be consumed on the premises where sold; question 2 related to the sale of alcoholic beverages not to be consumed on the premises where sold, and question 3 pertained to the sale of alcoholic beverages by hotelkeepers only.

It is the claim of the People that the defendant procured or caused to be printed and distributed exact copies of the sample ballot prepared by the town clerk except across the front of the copies, printed in red ink, appear the words "Sample Copy," and in the margin at the left and opposite question 2 (which is as follows: "Question 2. Selling alcoholic beverages not to be consumed on the premises where sold. Shall any person be authorized to sell alcoholic beverages at retail not to be consumed on the premises where sold in the Town of Coventry?") is the symbol of a hand with the index finger pointed at said printed question. Above the symbol in bold face type is printed the word "Vote," and underneath in similar type the word "Yes." On this sample ballot and in the same position as on the original sample ballot appears the printed name of "Zola E. Mitchell, Town Clerk."

The apparent purpose of the sample ballots alleged to have been procured and distributed by the defendant (and on which appeared the suggestion as to the manner in which to vote on question 2) was to influence the voters to cast a ballot in favor of the proposal for the "sale of alcoholic beverages not to be consumed on the premises." The gist of the accusation made in the indictment here is that defendant caused, abetted or otherwise connived at and was a party to the uttering of such sample ballot purporting to have been written or signed by Zola E. Mitchell and which paper or instrument defendant knew to be false and misrepresented her sentiments and opinions or otherwise injuriously affected her character, prospects, interests or rights.

The chief criticism of the indictment as expressed in the brief of counsel for defendant is that "there is no statement of a fact or allegation as to what were the particular sentiments, prospects or interests of the said Zola E. Mitchell and without that allegation the defendant could not safely proceed to the trial of the indictment." The sample ballots which the People claim defendant procured to be prepared and distributed bearing the printed name and official title of Zola E. Mitchell and purporting to have been prepared and issued by her in such official capacity and containing the matter printed on the margin at the left of question 2, indicate that Zola E. Mitchell approved of and desired an affirmative vote by the electors of the town on that question. That question called

for one of two answers, either " yes " or " no." It would not seem necessary for the defendant to be apprised in the indictment of the sentiments or opinions of Zola E. Mitchell on question 2 in order to enable him to prepare for trial. Under sections 275 and 276 of the Code of Criminal Procedure, the former providing that the indictment should contain " a plain and concise statement of the act constituting the crime, without unnecessary repetition," it was held in *People* v. *Farson* (244 N. Y. 413, 417): " The indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense; notifies him of the nature and character of the crime charged against him to the end that he may prepare his defense; and enables the court upon conviction to pronounce judgment according to the right of the case."

Since the enactment of chapter III-A of title V of part IV of the Code of Criminal Procedure, providing for " Simplified Indictments " (Laws of 1929, chap. 176), the technical rules formerly obtaining in the preparation of indictments have lost much of their force. Under the present provisions the pleading need only contain: " 1. The title of the action, specifying the name of the court to which the indictment is presented and the names of the parties. 2. A statement of the specific crime with which the defendant is charged." (Code Crim. Proc. § 295-b.)

Measured by the procedure and requirements outlined in sections 295-a–295-d of the Code of Criminal Procedure, the indictment now being considered is, in my opinion, sufficient to withstand the objections raised by the demurrer. These sections were under consideration in *People* v. *Bogdanoff* (254 N. Y. 16) and, although they were criticized in a strong dissenting opinion by Judge CRANE, they received the approval of a majority of the court. In the majority opinion written by Judge LEHMAN (at p. 22) it is said: " It is significant that the Legislature not only abolished all the existing forms of indictment, but also provided its own rule by which the sufficiency of the statutory pleadings should be determined. An indictment is sufficient if those elements which the Legislature deemed essential for the protection of an accused can be understood from its form and language." (See, also, *People* v. *Rosen*, 251 App. Div. 584; *People* v. *Handler*, 244 id. 877; affd., 268 N. Y. 581.)

If further information is necessary for the defendant in order to properly prepare for trial, resort may be had to a bill of particulars. (Code Crim. Proc. § 295-g.) " In the new chapter of the Code of Criminal Procedure which authorized simplified indictments, the Legislature has provided a new method of protecting the rights of

an accused. No longer may the court grant or withhold a bill of particulars in its discretion. Now the Legislature has commanded that ' upon the arraignment of the defendant or at any later stage of the proceedings, the court *shall*, at the request of the defendant, direct the district attorney to file a bill of particulars of the crime charged.' " (*People* v. *Bogdanoff*, *supra*, p. 24; *People* v. *Lisandrelli*, 139 Misc. 129; *People* v. *Schubert*, 140 id. 389.)

I have examined the cases relied upon by counsel for defendant. All of these cases were decided prior to the enactment of the law providing for simplified indictments and are not controlling in determining the sufficiency of the indictment under consideration. In fact, the majority opinion in *People* v. *Abeel* (182 N. Y. 415) is not, in my judgment, in conflict with the conclusion reached here.

Demurrer is disallowed.