THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERMAN Fox, Defendant.

County Court, Sullivan County, February 19, 1954.

*Benjamin Newberg, District Attorney (Leon Greenberg* of counsel), for plaintiff.

*Carl P. Goldstein* for defendant.

COOKE, J. There has been presented against the defendant an indictment which reads as follows:

" SUPREME COURT  :  :  :  :  : COUNTY OF SULLIVAN

---

THE PEOPLE OF THE STATE OF NEW YORK
— against —
HERMAN FOX,
 — Defendant.—

---

" The Grand Jury of the County of Sullivan and the State of New York by this indictment accuse the defendant, HERMAN Fox, of the commission of the crime of Endangering the life or Health of a Child, in violation of Section 483 Paragraph 2 of the Penal Law of the State of New York.

Dated: October 19, 1953

BEN NEWBERG
*District Attorney* "

Defendant has demurred to the indictment and has moved that it be dismissed on the grounds (1) that it is stated in the disjunctive and (2) that it is insufficient.

Section 483 of the Penal Law is entitled "Endangering life or health of child". The indictment accuses defendant of the commission of the crime of "Endangering the life or Health of a Child" and specifies the section and paragraph thereof allegedly violated. Instead of a recitation in the disjunctive, the indictment specifies the name or title of the crime charged by language almost identical with the title of the section of the Penal Law in question. A statement or description of the crime has been given in conformity with the provisions of section 295-c of the Code of Criminal Procedure.

In applying the test of sufficiency, an indictment is to be construed liberally and an objection thereto rejected if technical or impracticable (*People* v. *Farson,* 244 N. Y. 413; *People* v. *Browne,* 184 Misc. 764; *People* v. *Thompson,* 170 Misc. 288).

As to the claim of insufficiency, it is to be observed that the form of a simplified indictment as set forth and suggested in section 295-d of the Code of Criminal Procedure has been followed. The contents as prescribed by sections 295-b and 295-c have been supplied. In numerous instances indictments satisfying the requirements of these sections of said code have been given approval. (See *People* v. *Bogdanoff,* 254 N. Y. 16; *People* v. *Farley,* 252 App. Div. 811, affd. 277 N. Y. 617; *People* v. *Rosen,* 251 App. Div. 584, affd. 275 N. Y. 627; *People* v. *Handler,* 244 App. Div. 877, affd. 268 N. Y. 581; *People* v. *Mangan,* 237 App. Div. 289, affd. 262 N. Y. 508, and *People* v. *Kelley,* 230 App. Div. 249.)

Defendant can obtain a bill of particulars if he wishes. In *People* v. *Bogdanoff* (*supra*), the Court of Appeals declared at page 24: "In the new chapter of the Code of Criminal Procedure which authorized simplified indictments, the Legislature has provided a new method of protecting the rights of an accused. No longer may the court grant or withhold a bill of particulars in its discretion. Now the Legislature has commanded that 'upon the arraignment of the defendant, or at any later stage of the proceedings, the court *shall,* at the request of the defendant, direct the district attorney to file a bill of particulars of the crime charged.' (Code Crim. Pro. 295-g.) It must state such particulars as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged."

The demurrer to the indictment herein is disallowed and overruled and the motion to dismiss the indictment is denied.

Submit order.