## (December 8, 1959)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIUS FULLER, Appellant.

Appeal from a judgment of the Bronx County Court, rendered November 8, 1956, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Judgment affirmed.

VALENTE, J. (dissenting). I dissent, and would reverse the judgment and grant a new trial. The defendant was convicted of the crime of manslaughter in the first degree and sentenced to State prison for a term of not less than 10 nor more than 20 years. The indictment charged that on December 26, 1953, in the heat of passion and without justification, defendant struck one Elsie Johnson with an iron bar inflicting injuries that resulted in her death.

The conviction we review was returned on a third trial of the indictment. Two prior trials resulted in jury disagreements.* On the third trial, defendant

---

* In the 1954 trial the jury stood 11 to 1 for acquittal. Later that year the defendant was permitted to plead guilty to assault in the third degree to cover the indictment, and subsequently to withdraw that plea. In 1956 he was tried again and this trial resulted in a disagreement.

did not testify in his own behalf — as he had in one of the prior trials. Perforce, the prosecution's case on this last trial was based on the defendant's statements, following his arrest, to two police officers and to an Assistant District Attorney. The police officers testified as to the defendant's statements to them following his arrest; and the stenographer for the District Attorney read from his notes to the jury the questions asked at that time by the District Attorney and the answers made by the defendant. Neither his notes nor a transcript thereof were introduced in evidence. Yet, in the course of his summation, the Assistant District Attorney, over defendant's objection, purported to read from a paper on which these questions and answers were recorded and to refer to it as "the confession of the defendant".

Despite objections by defendant's counsel, the Assistant District Attorney persisted in adverting to the defendant's "confession" until the Trial Judge — his patience exhausted — finally threatened to declare a mistrial if he did not desist. Despite that admonition, the prosecutor again spoke of the defendant's "entire confession". The court, upon denying defendant's motion for a mistrial, requested the prosecutor to use the word "statement". The prosecutor then compounded the prejudice to defendant by retorting, "Do you want me to refer to it as a statement?" Not only was this persistence disrespectful to the court, but was highly prejudicial because it conveyed the impression to the jury that the Judge was being unduly indulgent with a confessed killer.

The difference between a "confession" and an admission in a criminal case is too well known to have escaped the prosecutor's knowledge. In Wharton on Criminal Evidence (12th ed., Vol. 2, § 337, p. 10) the distinction is stated thusly: "A confession is an acknowledgment in express terms, by a party in a criminal case, of his guilt of the crime charged, while an admission is a statement by the accused, direct or implied, of facts pertinent to the issue, and tending, in connection with proof of other facts, to prove his guilt." (For similar definitions, see 3 Wigmore, Evidence [3d ed.], § 821; 20 Am. Jur., Evidence, § 478.)

Since there is no question that defendant's statement was not a "confession", it was highly improper and prejudicial for the prosecutor to refer to it as such. Unjustified characterization of admissions by a defendant as a "confession" when made by a judge in a charge to a jury, have resulted in reversals of convictions. (*People* v. *Rhodes,* 283 App. Div. 804 [2d Dept.]; *People* v. *Thomas,* 283 App. Div. 995 [4th Dept.]; *People* v. *Doria,* 281 App. Div. 918 [3d Dept.].) I can see no reason why the persistent reference to defendant's statement as a "confession" in the instant case is not equally prejudicial error.

The statements made by the defendant — following his arrest — to the police officers and to the Assistant District Attorney as to what had transpired after the deceased swung at him with the iron bar, and missed, presented two versions of the ensuing events. The first was that they (he and the deceased) wrestled for the bar and, that after he obtained possession of it, he struck her with it. The second was that she was struck by the bar as they were wrestling for it.

Hence, the jury should have been additionally instructed that if they believed that the deceased swung the bar at the defendant in an attempt to hit him, and that they wrestled for possession of it, they then should determine whether the deceased was struck with the bar after the defendant had it in his possession or whether she was struck with it as she and the defendant were wrestling for possession of it. If they found that she was struck as they were wrestling for the bar, they should have then been instructed to consider whether the homicide was justifiable under subdivision 2 of section 1055 of the Penal Law. Under this alternative assumption, the defendant was entitled to have the jury charged,

under subdivision 2 of section 1055 that "To avoid the felonious aggression against his person, if it occurred (defendant) was justified * * * in standing his ground and, if necessary, destroying the person making the felonious attack." (*People* v. *Ligouri,* 284 N. Y. 309, 317.) When defendant's counsel requested such a charge, the court said: "I will so charge". This oblique and perfunctory disposition of an important and crucial element in the case must have left the jury in the dark as to the issue of justifiable homicide. Defendant was entitled to more than just a meaningless acquiescence to a request to charge. (See *People* v. *Mancuso,* 4 A D 2d 1010.) Indeed he was entitled to a charge that made clear and explicit to the jury all of the possibilities and the law pertaining to each.

In view of the errors hereinabove mentioned, a new trial is necessary. Particularly is this so in view of the disclosures on the motion for a new trial — made after the verdict but before judgment of sentence — based upon the presence on the jury of a retired police officer who had served as a patrolman for 20 years, and who had been attached to the same police station to which the police officers in this case were assigned and who was evidently friendly with them. While defendant's attorneys contended that the juror had falsely answered in the *voir dire* proceedings, before his selection, that he did not know anyone in the police department, both the prosecutor and the juror averred that the juror had replied in the affirmative. There were no minutes of the proceedings in the *voir dire*. The court denied the motion, finding, without a hearing, that the juror had been interrogated and had answered in the affirmative. A hearing was not necessary (*People* v. *Winship,* 309 N. Y. 311; *People* v. *Rosen,* 251 App. Div. 584, affd. 275 N. Y. 627) although it might have been helpful in subjecting the opposing contentions to the scrutiny of cross-examination. Nevertheless, the presence of this aspect of the case makes even more imperative that this court be convinced that the trial was scrupulously fair and free from prejudicial error.

Section 542 of the Code of Criminal Procedure was enacted as a reaction against reversals of convictions upon technical errors which had not affected the result or the substantial rights of a defendant. (*People* v. *Cummins,* 209 N. Y. 283, 292.) But, even where the evidence of guilt is convincing, errors may not be disregarded as technical "if the court believes that the errors may have misled the jury, may have influenced the verdict". (*People* v. *Mleczko,* 298 N. Y. 153, 162.) In *People* v. *Savvides* (1 N Y 2d 554, 558) FULD, J., said: "Convincing though proof of guilt may be, and there can be no denial of its strength in this case, we could here affirm 'only if we were to announce a doctrine that the fundamentals of a fair trial need not be respected if there is proof in the record to persuade us of defendant's guilt.' (*People* v. *Mleczko, supra,* 298 N. Y. 153, 163.) We were not in *Mleczko,* and we are not now, prepared to announce such a doctrine."

A fortiori, we should not disregard the errors in this case under section 542 of the Code of Criminal Procedure, as merely technical and not affecting the substantial rights of the defendant. The errors to which I have adverted go to the very essence of a fair trial — unfair conduct by the prosecuting attorney and an inadequate charge on the applicable law. The verdict was indubitably influenced by these factors and the jury unquestionably misled. Not only were these serious errors, but they were committed upon a trial in which evidence of guilt was far from overwhelming. I need only mention again the two prior jury disagreements to demonstrate that evidence of guilt was not of a conclusive nature.

I cannot view the errors in this case with an evanescent judicial *tic douloureux* and palliate them under section 542 of the Code of Criminal Procedure. The errors were clearly prejudicial and deprived defendant of a fair trial.

Botein, P. J., Breitel, Rabin and Stevens, JJ., concur in decision; Valente, J., dissents and votes to reverse and order a new trial in opinion.

Judgment affirmed.

