ALBERT R. LUSTER, Appellant, v. GEORGE H. SCHWARZ et al., Respondents.—

Reynolds, Staley, Jr. and Cooke, JJ., concur. Herlihy, P. J., and Greenblott, J., dissent and vote to reverse and reinstate the verdict, in the following memorandum: While the courts carefully scrutinize any allegation that a litigant did not receive a fair and impartial trial, it does not, of necessity, follow that every claim made constitutes a basis for determining that the trial was not fair. The present record containing the affidavits submitted on the motion established that the trial Justice was not present during the *voir dire* examination and the record does not disclose that there were any requests or objections directed to the examination; that immediately following the reporting of the verdict and the discharge of the jury, an attorney named Gellman allegedly informed attorney Appelbaum that juror Schneider, number six in the box, had been involved in several accidents, it appearing from the said affidavits that he had been both a plaintiff and defendant in automobile accidents; that no affidavit was submitted by attorney Gellman as to his conversation with attorney Appelbaum; that no affidavit has been submitted by the juror or any showing that an attempt was made to obtain such affidavit; that the attorneys for the defendants upon being advised as to the juror did not consult with the court or make any objections, but waited twelve days after the return of the verdict before bringing the matter to the attention of the court. There is a difference of opinion among the attorneys as to what questions were asked the jurors concerning their involvement in automobile accidents and what, if any, replies were made by the jurors, and in particular Schneider. Mr. Appelbaum in his affidavit states that, after questioning an alternate juror concerning a prior accident, he " asked the jurors whether anybody else had been involved in an accident and received a negative reply ". Aside from the one instance, it appears that the questions were directed to the jury generally. To set aside a verdict of the jury on the ground that a juror had not truthfully responded

to questions asked on the *voir dire,* three facts are necessary, the burden of proof being with those who seek to attack the verdict: 1. Concealment of facts; 2. Bias; 3. Prejudice. In regard to the question of whether or not there was a concealment of facts by the juror, no request was made to the court for a hearing, the parties apparently being satisfied to have the matter determined on affidavits. The affidavits, however, contain conflicting opinions as to what transpired at the time of the examination. If the juror had concealed a relevant fact upon the *voir dire,* the trial court could accept the affidavits as establishing concealment. However, in the present case there is such conflict as to what actually occurred during the *voir dire* that the fact of concealment is not readily established and if the trial court desired to further consider the allegation of concealment, it should have directed a hearing and made its findings after a proper examination and cross-examination of the affiants. In the cases of *Moon* v. *Finkle* (3 A D 2d 802) and *Knickerbocker* v. *Erie R. R. Co.* (247 App. Div. 495), the courts had before them actual evidence of "bias". In the present case, the affidavits are not sufficient, as a matter of law, to establish that there was any bias in favor of the plaintiff or against the defendants. Proof by way of affidavits, whether the same be by attorneys or others, should be beyond any doubt, which is not the present situation. With reference to "prejudice", there is no proof sufficient to sustain this particular requirement. The verdict by the jury was 10-2 and while the record states that the jury had been polled, the outcome of such polling is not set forth and if we were to assume that the juror in question may have been one of the jurors voting for the verdict, it would have to be equally assumed that the juror voted against the verdict. The trial court has found, in its memorandum, that "there was evidence in the record sufficient to support the verdict, the jury, being the judges of the facts and the judges of the credibility of the witnesses, were presented with issues of fact which they resolved in favor of the plaintiffs". Those questions having been decided by the trial court, the only remaining issue would be the amount and there is no claim that the verdict is excessive and, therefore, there is no prejudice as to it and under the circumstances, the order should be set aside and the clerk of the court directed to enter a judgment in accordance with the verdict of the jury.