GRACE HOLLAND, Respondent, v. ALBERT E. BLAKE, Appellant.

Third Department, March 7, 1972.

*Carter, Conboy, Bardwell & Case (James M. Conboy* of counsel), for appellant.

*Borst, Smith, O'Loughlin, Smith & Abbey (Richard C. Bendall* of counsel), for respondent.

KANE, J.   This is an appeal from an order of the Supreme Court, entered September 20, 1971 in Schenectady County, which set aside a verdict in favor of defendant rendered at a Trial Term and granted a new trial.

In this negligence action, in which plaintiff sought to recover for personal injuries she allegedly sustained as a result of being struck by defendant's automobile, the jury returned a unanimous verdict in favor of defendant.

A few days after the conclusion of the trial, counsel for defendant informed the trial court that he had discovered that his law firm had previously been retained by an insurance company to represent an insured who was juror No. 12 in the case.   Although the retainer in fact existed at the time of the trial, it was not until after the trial that counsel for defendant learned of the representation in an action which was pending on the day calendar in the same court.   Once informed of the situation, the court questioned the juror pertaining to the *voir dire* examination.   The juror recalled being asked about his involvement in any litigation and stating that he had been involved on both sides of the fence.   He also stated that, when asked those questions, he was unaware of who the attorney was who was representing him.

On the motion to set aside the verdict, attorney for plaintiff contended that juror No. 12 concealed the fact of the other litigation in which he was involved, and it was on this singular ground that a new trial was sought.   Litigants are entitled to a full and fair disclosure of all the facts.   It is the duty of a prospective juror to answer truthfully questions of him as to his qualifications and he should not keep silent if, in good conscience, he

ought to reveal facts which he has reason to believe would render him unacceptable. (*People* v. *Rosen,* 251 App. Div. 584, 591; *Glens Falls Ind. Co.* v. *Fredella,* 241 App. Div. 637.) To succeed in setting aside a verdict of the jury on the ground that a juror had not truthfully responded to questions put to him, the moving party must show concealment of facts, bias or prejudice. (*Luster* v. *Schwarz,* 35 A D 2d 872, 873–874.) Respondent has not met this burden.

The record supports the finding that this juror in fact answered the question of involvement in litigation, a point which was not pursued further by either attorney. Granted the answer in this regard was not as complete as it might have been, but there is no basis upon which to find a concealment of facts. An incorrect answer given under a mistaken impression has not resulted in the setting aside of a verdict (*Murphy* v. *16 Abingdon Sq. Realty Corp.,* 243 App. Div. 815, 816).

An exercise of discretion by the trial court should not be disturbed unless there has been an abuse of discretion (*Moon* v. *Finkle,* 3 A D 2d 802; *Knickerbocker* v. *Erie R. R. Co.,* 247 App. Div. 495; *Slater* v. *United Traction Co.,* 172 App. Div. 404, 405). The appropriate questioning of the juror by the trial court removed any doubt raised by the attorney's recollections of the *voir dire* examination, all of which leads to the conclusion that there is nothing to indicate that this juror was anything but fair and impartial.

The order should be reversed, on the law and the facts, with costs, and the verdict of the jury reinstated.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Order reversed, on the law and the facts, with costs, and verdict of the jury reinstated.