■ ANTHONY TROIANO et al., Respondents, v NANCY A. NARDINI et al., Appellants.—Appeal from an order of the Supreme Court, entered March 31, 1976 in Schenectady County, which set aside a verdict in favor of defendant rendered at Special Term and ordered a new trial. Order affirmed, without costs, on the opinion of Shea, J., at Special Term. Koreman, P. J., Sweeney and Main, JJ., concur; Greenblott and Kane, JJ., dissent and vote to reverse in the following memorandum by Kane, J.: We dissent. After the jury returned a unanimous verdict in favor of the defendant following a trial of this negligence action, plaintiffs' counsel discovered that a juror had previously been a party to litigation in which one of the adverse parties had been represented by his law office. This fact had not been revealed during the *voir dire* examination of that juror, even though he had been asked if he knew any member of that firm by both trial counsel and, on the basis of this information, plaintiffs thereupon moved to set aside the verdict. The juror

was summoned before the Trial Justice and questioned extensively. From an examination of the record, it seems plain to us that the involved juror simply had not associated the members of the firm who had participated in the action directly concerning him with the attorney acting as trial counsel for plaintiffs. Certainly there is no evidence of an intent to conceal facts or proof of resulting prejudice to the plaintiffs. At most there appears to have been an honest mistake or unintentional oversight, wholly innocent in nature, which did not disadvantage the plaintiffs. Under these circumstances, it was an improper exercise of discretion to set aside the verdict in favor of defendants (Holland v Blake, 38 AD2d 344, affd 31 NY2d 734). We would reverse the order appealed from and reinstate the verdict.