■ CLARA GALUS, Individually and as Executrix of PHILIP GALUS, Deceased, Respondent, v WILLIAM MILNER, Appellant, et al., Defendant. — Appeal from an amended order of the Supreme Court, entered June 4, 1980 in Albany County, setting aside a verdict in favor of defendant rendered at a Trial Term, and granting a new trial. After a verdict of "no cause for action" was returned in a medical malpractice case, the defendant doctor was ordered to show cause why the verdict should not be set aside because of misconduct of a juror. On the return date of the motion, a hearing was held before the Trial Justice and the sole witness examined was Mrs. Lois Wilson, the forelady of the jury. Such examination was necessary since the *voir dire* had not been stenographically transcribed. The court asked the following questions and received these answers: "Q. And were you asked by counsel, particularly Mr. Mahoney, if you knew any member of the Albany Urologic Surgeons, P.C.? A. I was and I replied that I did; L had been treated by Dr. Garlick eight years ago. Q. And do you remember that same question having been asked of the other jurors during the selection of the jury that heard this case? A. I do; I do. Q. And did you at some time during the deliberations, the jury deliberations, say to the other jurors that you had been treated by Dr. Garlick? A. I believe I did. I said I was in that office eight years ago. Q. It is your recollection that upon being asked if you knew any members of the Albany Urologic Surgeons, P.C. that your response was that you did know Dr. Garlick? A. That's correct. Q. And did you say you had come under his care and treatment? A. I believe I did. I said I had been treated in his office, somewhat to that effect. I don't remember the precise words that I used." Other than asking one question of Mrs. Wilson, which elicited the response that the juror had revealed to her fellow jurors during her jury deliberations that she had undergone a "G.I." series prescribed by her regular physician, counsel for plaintiff urged the setting aside of the verdict only on the premise that his lengthy experience as a trial lawyer. would certainly have prompted him to exercise his remaining peremptory challenge had Mrs. Wilson made the responses at the *voir dire* that she presently insisted were her answers. Although two other jurors gave affidavits that were used in support of plaintiff's order to show cause, neither juror was called to testify at the hearing, and examination of their affidavits does not contradict Mrs. Wilson's testimony that she answered affirmatively to the questions propounded concerning her prior relationship with the medical associates of which defendant was a member. The Trial Justice, in a memorandum decision, stated that "Although we are not asserting any improper comments were made by the juror, or that the juror was dishonest * * * the juror's judgment may be bias *[sic]* by the fact that she had been attended by the defendant's associate in a professional capacity". This conclusion is contradictory since it was reached, as the court admits, "Without deciding where the truth lies with respect to the conflicting statement regarding concealment". Clearly, it was incumbent on the court to determine "where the truth lies". If Mrs. Wilson's answers were found to be truthful,

then we must conclude that plaintiff's attorney, for whatever reason, decided not to excuse the juror. If the challenged juror's responses were found to be untruthful, then, if necessary, the verdict would have to be set aside. Here, in the absence of any testimony or sworn averments contradicting the positive answers of Mrs. Wilson, we conclude that her testimony was truthful, and since this court, in reviewing determinations addressed to the fairness of trials and verdicts, is vested with the general power of the Supreme Court (Holland v Blake, 38 AD2d 344, affd 31 NY2d 734), we hold that in the absence of any demonstrated error of law, the order appealed from must be reversed and the verdict reinstated. Order reversed, on the law and the facts, without costs, and verdict reinstated. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur.

Weiss, J., dissents and votes to affirm in the following memorandum. Weiss, J. (dissenting). I respectfully dissent. The sole issue in this case is whether a verdict in favor of a defendant physician in a medical malpractice case should be set aside because a juror failed to truthfully respond to questions put to her during voir dire. Plaintiff urges that upon voir dire, the forelady of the jury did not respond when asked whether she knew the defendant physician or any of his associates, or whether she ever had a G.I. series or an I.V.P. Plaintiff had a peremptory challenge left. During jury deliberations, the forelady disclosed to other jurors that she had been treated by one of the defendant physicians partners who performed an I.V.P. upon her seven or eight years ago. During deliberations, she was asked if she saw plaintiff's decedent at the doctors' offices. She cast an initial vote in favor of defendant and obviously continued to vote that way. In order to set a verdict aside, movant must sustain the burden of proving (1) concealment of facts; (2) bias; or (3) prejudice, which issues of fact must be resolved by Trial Term. The record must indicate an abuse of discretion by such court before we may overturn its finding (Holland v Blake, 38 AD2d 344, affd 31 NY2d 734; Luster v Schwarz, 35 AD2d 872). An incorrect answer given under a mistaken impression will not suffice (Holland v Blake, supra; Murphy v 16 Abingdon Sq. Realty Corp., 243 App Div 815, 816). At bar, I find a conflict raised by the juror's testimony under oath at a postverdict hearing before Trial Term, insisting she affirmatively responded to the question, with affidavits of two other jurors, each of whom recalls the question but not her answer. The affidavit of juror Beach states: "Its funny, if she had been telling the truth during the jury selection, why would they select her?" This would belie that the juror in question disclosed her previous treatment by defendant's associate. The court elected not to question these two jurors under oath, but obviously assigned credibility to their sworn statements. I find that the results in Luster v Schwarz (supra) and Holland v Blake (supra) distinguishable. An issue of fact was raised on the credibility of the juror in question which the trial court resolved in favor of plaintiff. Under these circumstances, it appears that there is a substantial likelihood of the juror's failure to disclose her prior treatment by defendant's partner on voir dire prejudiced plaintiff's case (see Troiano v Nardini, 55 AD2d 732). The order for a new trial was well within the discretion of Trial Term which had the responsibility to evaluate the proof before it. This record does not warrant disturbance of the exercise of that discretion. The amended order should be affirmed.