■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER CEPHUS, Appellant. [638 NYS2d 735] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 29, 1994, convicting him of assault in the first degree, criminally negligent homicide, criminal possession of stolen property in the fourth degree, assault in the third degree (three counts), and operating a motor vehicle with a suspended license, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered December 6, 1994, which denied the defendant's motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion is granted, the judgment is vacated, and a new trial is ordered; and it is further,

Ordered that the appeal from the judgment is dismissed in light of our determination of the appeal from the order.

During the voir dire, the court asked the prospective jurors whether they had any connections with law enforcement, the law, or the courts, and whether any family member or friend worked in those fields. When asked in what employment his son was engaged, one prospective juror stated that his son was a receptionist. However, he failed to reveal that his son was employed in the unit of the Kings County District Attorney's office which handled the present case.

At a hearing pursuant to CPL 440.10, the juror's son testified that when his father was notified to appear for jury duty, he told his son that he probably would not be chosen as a juror because of the son's employment. After the juror was selected in this case, the juror told his son the name of the Assistant District Attorney (hereinafter ADA) who was prosecuting, and the son informed his father that he worked in the same unit with the ADA. At no time thereafter did the juror reveal to the court his knowledge of these facts.

It is the duty of a prospective juror to truthfully answer voir dire questions regarding his qualifications, and he should not keep silent if, in good conscience, he must reveal facts which he has reason to believe would render him unacceptable (see, People v Rosen, 251 App Div 584). To succeed in setting aside a verdict pursuant to CPL 440.10 (1) (f), the moving party must show concealment of facts, bias, or prejudice (see, Holland v Blake, 38 AD2d 344, affd 31 NY2d 734; People v Rosen, supra). The prospective juror in the present case was aware that his qualifications to serve as a juror might be challenged on the ground that his son was connected with the District Attorney's office, and he intentionally failed to reveal information which might have presented reasonable grounds for a defense challenge. Under the circumstances, the defendant proved concealment of facts, and the verdict must be set aside.

We have examined the defendant's contentions regarding the legal sufficiency of the evidence in connection with his conviction for criminal possession of stolen property in the fourth degree and his contention regarding the jury charge, and find them to be without merit. In light of our determination we reach no other issues. Thompson, J. P., Altman, Friedmann and Goldstein, JJ., concur.