(53 Misc. Rep. 286)

## McINTOSH v. PULLMAN CO.

(Supreme Court, Appellate Term. March 14, 1907.)

1. PLEADING—BILL OF PARTICULARS—CAUSES IN WHICH PARTICULARS MAY BE REQUIRED.

In an action for damages resulting from the loss of a suit case alleged to contain certain mining stocks and contracts, where the greater portion of plaintiff's claim is based on items of special damage, of which particulars have been denied, it was error to deny defendant's motion for a bill of particulars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 954–962.]

Appeal from City Court of New York, Special Term.

Action by Andrew J. McIntosh against the Pullman Company. From an order denying defendant's motion for a bill of particulars, it appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Alexander & Green, for appellant.

Walter S. Newhouse, for respondent.

GILDERSLEEVE, P. J. The action is brought to recover $2,000 damages alleged to have been sustained by the) plaintiff by reason of the alleged loss of a dress suit case and its contents from one of the defendant's cars. Annexed to the complaint, and marked "Schedule A," is a list of the articles claimed to have been contained in the suit case and of the items of damage claimed to have been suffered by the plaintiff by reason of their loss. Two of these items are the following:

Cost of procuring bond of surety company, which must be executed and delivered in order to have reissued to said Wallace 26,800 shares of the "Squaw Creek Mining Company, owner of the Dewey Mine," which said stock was in the suit case referred to in the complaint and stolen with it.......................... $ 400 00

Damages arising out of the loss of contracts entered into between said Wallace and one Charles H. Souther, of Boston, which said contract covered an interest in a certain gold dredge at Yreka, Cal., which said contract was in the suit case referred to in the complaint and stolen with it................................. 1,117 00

Defendant's answer, among other things, puts it in issue as to whether the suit case was in fact lost, as to whether it contained the articles so enumerated, and as to whether plaintiff sustained the damages claimed. The motion was for a bill of particulars—

"showing the name and place of business of the surety company by which it is claimed that the bond referred to in Schedule A annexed to the complaint was issued; the amount of the premium claimed to have been paid thereon, and the particular items making up the sum of $400 claimed to have been the cost of procuring said bond; the par value of the 26,800 shares of stock of the 'Squaw Creek Mining Company, owner of the Dewey Mine,' claimed to have been contained in the suit case referred to in the complaint, and the market value thereof; the state in which the said Squaw Creek Mining Company was organized; the names of the officers of said mining company; the numbers of the said stock certificates; the name or names in which they were issued and in which said stock stood on the books of said company; the date when the said stock was reissued, and the name or names of the persons to whom it was reissued; the particular nature of the contracts between Mr. Edgar T. Wallace and Charles H. Souther referred to in the complaint; the dates thereof and their number; the nature of the damage claimed to have been suffered by their loss; the name of the person to whom liability was incurred by reason thereof: and the particular items of damage claimed to have been suffered, amounting to $1,117."

The court may refuse or grant a bill of particulars in its discretion, and this ruling will not be set aside, unless there is an abuse of the discretionary power. The office of a bill of particulars is to amplify a pleading and to inform the party with reasonable certainty of the nature of the claim made by his adversary, in order to prevent surprise and to enable him to intelligently meet the issue upon the trial.

Messer v. Aaron, 101 App. Div. 171, 172, 91 N. Y. Supp. 921. In the ·case of Taylor v. Security Mut. Life Ins. Co., 73 App. Div. 323, 76 N. Y. Supp. 674, the court says:

"Of course, a bill of particulars may not be required for the purpose of disclosing the evidence or names of witnesses of an adversary; but it will be required for the purpose of giving definite information as to a claim or proposition contended for by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had. Ball v. Evening Post Pub. Co., 38 Hun, 11; Gee v. Chase Mfg. Co., 12 Hun, 630."

In the case at bar the special damages alleged amount to $1,517; the total damages demanded being $2,000. By far the greater portion of plaintiff's claim, therefore, is based on these items of special damage of which particulars have been denied. It is apparent that defendant cannot, without some of these particulars, be prepared on the trial to meet such evidence as plaintiff may adduce regarding the alleged special damages. It seems to us that defendant should know the amount of the premium claimed to have been paid on the bond and the particular items making up the sum of $400 claimed to have been the cost of procuring said bond, also the particular nature of the contracts between Wallace and Souther referred to in the complaint, with the dates of such contracts, the nature of the damage claimed to have been suffered by their loss, and the particular items of damage claimed to have been suffered, amounting to $1,117.

The order must be reversed, and the motion granted to the extent above indicated, without costs to either party, but with disbursements to the appellant. All concur.