THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. DONATO CARILLO, CALOGERO GRECO and Others, Defendants.

County Court, Bronx County, November 3, 1927.

Crimes — indictments — bill of particulars — defendants charged by two indictments with killing two persons by different means in same place on same day — defendants entitled to bill of particulars reciting exact time when and place where crime was committed — indictments sufficient as to manner in which each defendant participated in crime.

Two indictments charging defendants with murder in the first degree in that they, acting in concert each with the other, killed two persons by different means in the same place and on the same day, are so general and indefinite that defendants cannot properly declare their defense; therefore, defendants are entitled to a bill of particulars setting out the exact time when and the exact place where each crime is alleged to have taken place.

But defendants are not entitled to a bill of particulars as to the manner in which each defendant is claimed to have participated in the crime alleged in each indictment, since each indictment meets the requirements of the statute in that it furnishes a plain and concise statement of the act constituting the crime.

MOTION by defendants for a bill of particulars.

John E. McGeehan, District Attorney, Albert H. Henderson, Assistant District Attorney, for the People.

Isaac Shorr, Newman Levy and Carol Weiss King, for the defendants.

COHN, J. The defendants Donato Carillo and Calogero Greco were indicted by the grand jury of Bronx county for the crime of murder in the first degree on two indictments, each filed the same day, July 26, 1927. The witnesses' names indorsed on each of these indictments are identical. This indictment charges that the defendants Carillo and Greco and a third defendant, not yet apprehended, acting in concert each with each other, did on May 30, 1927, kill Guiseppe Carisi by stabbing him with a knife. The second indictment charges that the same three defendants, each acting in concert with the other, did on the same day in the county of Bronx kill one Nicholas Amoroso by committing an assault upon him with a certain pistol. The defendants Carillo and Greco move for an order directing the People to serve upon them a verified bill of particulars setting forth in detail: " (1) The exact time when the murder of the said Carisi occurred; (2) the exact place where the murder of said Carisi occurred; (3) in what manner the defendants and each of them are claimed to have participated in said murder."

As the People charge by the two indictments that the defendants

acting in concert and together killed two men by different means in the same place and on the same day, the defendants have adopted the proper remedy by this motion for a bill of particulars to obviate any ambiguity. (*People* v. *Farson,* 244 N. Y. 413, 419; *People* v. *Williams,* 243 id. 162, 165; *People* v. *Weiss,* 158 App. Div. 235, 238; *People* v. *Stedeker,* 175 N. Y. 57, 61; *Tilton* v. *Beecher,* 59 id. 176.) The rule is concisely stated in Abbot's Brief for the Trial of Criminal Cases (3d ed. p. 112): " If the charge against the accused is so general or indefinite that he cannot properly declare his defense, the Court should order the prosecuting officer to give him a bill of particulars."

The district attorney frankly concedes that the defendants are entitled to the first and second items of the bill of particulars demanded, namely, the exact time when, and the exact place where, the killing is alleged to have taken place. This information the People are to furnish the defendants.

As to the third item demanded, namely, in what manner the defendants and each of them are claimed to have participated in said crime, I think that this request should be denied, for the indictment meets the requirements of the statute as to this item. Under the law, it is not necessary to state all the constituent elements of the crime charged. The People are only required by statute to furnish a plain and concise statement of the act constituting the crime. Matters of evidence need not be set forth. (*People* v. *Willis,* 158 N. Y. 392, 398; *People* v. *Knapp,* 206 id. 373, 384; Code Crim. Proc. § 275.)

Application for bill of particulars is granted to the extent herein set forth. Bill to be served within five days after service of a copy of this order with notice of entry. Submit order.