THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NICHOLAS LISANDRELLI, Defendant.

County Court, Oneida County, January 31, 1931.

Charles L. De Angelis, District Attorney, for the People.

J. Ezra Hanagan [D. Francis Searle of counsel], for the defendant.

HAZARD, J.   The particular fault charged against the indictment in question is that it does not state or allege the nature of the charge under investigation against the fictitious " John Doe," in connection with which the testimony of the defendant was given, upon which is predicated the charge of perjury.   The case of People v. Gillette (decided in the Appellate Division in the First Department in 1908, and reported in 126 App. Div. at p. 665) is a leading case upon the subject of perjury indictments.   It is practically conceded that if the doctrine of that case is still to be regarded as good law in this State, the indictment we are considering is fatally defective.   Of this I think there can be no doubt.   The court said: " But when it comes to framing an indictment for perjury   *   *   *   then the matter under investigation must be stated, so that the defendant may be prepared to show at the trial, if he can, that, even though the testimony be false, it was not material to the investigation."   This decision does not seem to have been disturbed by any later case, and the question is presented as to the effect thereon of the so-called simplified Indictment Statute, being Laws of 1929, chapter 176, in effect July first of that year, which added sections 295-a to 295-k, inclusive, to the Code of Criminal Procedure.   Section 295-b provides that the indictment must contain the title to the action, with the name of the court, " and the names of the parties." Section 295-c provides that the statement of the crime " shall contain the name of the crime, if it have one, such as treason, murder, arson, manslaughter, or the like."   Section 295-d provides what is called a " form of simplified indictment."   It sets forth the following  is a sufficient form under the new procedure: " The

Grand Jury * * * by this indictment, accuses A. B. of the following crime." Apparently, as is rather clearly indicated by section 295-e, all that would be necessary to add to the foregoing is the name of the crime. If the foregoing is correct, and it seems to be according to a literal reading of the sections we are considering, apparently it is sufficient in, for instance, a murder indictment, to charge the defendant with the crime of " murder," without stating who was murdered, or when or where, or by what means the murder was accomplished. Apparently it was the intention of the Legislature, in the conceivable case that the defendant might be interested in obtaining this information, to satisfy his curiosity by applying for a bill of particulars. This, according to section 295-h, must contain " a statement, in ordinary language, without stating items of evidence *or necessarily setting forth all the elements of the crime,* of such particulars as may be necessary to give the defendant and the court *reasonable information as to the nature and character of the crime charged.*" (The italics are mine.)

Doubtless the intention of the Legislature in passing the Code sections we are considering grew out of a desire to do away with some of the perhaps ultra-technical rules which have grown up by judicial decision around pleadings in criminal cases. If the true effect and meaning of the legislative action is to make an indictment sufficient, which merely names the crime charged, without giving any of the details at all, it would seem like a case of " simplification " gone mad. However, there seems to have been an attempt, that is, a legislative intention to do just that. Excluding any further discussion or consideration of any other crime, we will consider the effect of the legislation in question upon the crime involved here, that is, perjury. The indictment we are considering covers three and a half pages and contains a considerable amount of the testimony alleged to have been false. Clearly, it was in the mind of the pleader to prepare his indictment under the old form. For the reason indicated, I think it must be held that he did not succeed, having omitted the definitely important element of telling what the investigation against John Doe was all about. It is fundamental that perjury can only be predicated upon swearing falsely to something that is *material.* This is made clear by the definition of perjury contained in section 1620 of the Penal Law, where it is said that the crime in question consists of " willfully and knowingly testifies * * * falsely, *in any material matter* * * *.*" It is true that the pleader alleges on the 3d page of his indictment that the testimony in question " was pertinent, necessary and material to the case then and there

being investigated by and before said grand jury." Nobody will argue that that is anything more than the conclusion of the pleader.

We have now arrived at what I regard as the crucial point in this inquiry. We will assume that the indictment was drawn under the new form, and that it contained (as the document at bar does) an allegation that the grand jury charges the defendant with the crime of perjury, and stops right there. The question is thus presented as to whether the indictment is demurrable or whether the defendant, seeking to find out what it is all about, has as his only remedy an application for a bill of particulars. In this connection a rather peculiar fact presents itself, which is that apparently under the bill of particulars a question might arise as to whether the information sought here would necessarily be a part of the bill of particulars. Referring to subdivision 2 of section 295-h of the Code of Criminal Procedure, quoted above, we find that it is not necessary to set forth all the elements of the crime, but only " such particulars as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged." We will pause here to consider another fact in this connection, and that is, that section 291 of the Code of Criminal Procedure provides this: " In an indictment for perjury or subornation of perjury, it is sufficient to set forth the *substance of the controversy* or matter in respect to which the crime was committed  *   *   *." I think this provision must be deemed to make it mandatory, at least, that " the substance of the controversy" *must* be set forth in such an indictment. I suppose I am bound to give due effect, which would mean all possible effect, to the Code amendments which we are considering, and even having in mind section 291 of the Code, and the construction which I have just placed upon it, I feel compelled to reach the conclusion that the requirements of that section can under the existing statutes, which are much more recent than the enactment of section 291, be met, and that it was the intention of the lawmakers that they should be met by a bill of particulars. I think this question a close one, and have found it a rather difficult one, particularly as applied to the crime of perjury, for which a special form of pleading is prescribed by section 291. The decision which I am about to make will involve my construction of subdivision 2 of section 295-h to be that the bill of particulars " give the defendant and the court reasonable information as to the nature and character of the crime charged " and must comply with the common-law requirements and those of section 291 of the Criminal Code, by stating " the substance of the controversy " in which the alleged perjury was charged. This

suggestion may be and perhaps is in its nature anticipatory, and it is only mentioned here to point out my idea of how the undoubted rights of this defendant may be protected, and to show that he has a remedy, although I think it is not by demurrer.

The demurrer will, therefore, be disallowed.