THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BENJAMIN MAY and Another, Defendants.

County Court, Kings County, February 26, 1936.

*Benjamin F. Fanger*, for the motion.

*William F. X. Geoghan, District Attorney [Ralph K. Jacobs* of counsel], appearing, but not opposing.

FITZGERALD, J.   Motion by defendants " to inspect the minutes of the Grand Jury   *   *   *   on which an Information for violation of Section 1293-d of the Penal Law was filed by the District Attorney   *   *   *   on the 7th day of February, 1936, and the minutes on which was based the Information filed   *   *   *   on the 17th day of February, 1936, both in the Court of Special Sessions, County of Kings, against the above named defendants and for a further order directing the District Attorney   *   *   *   to deliver to the said defendants copies of the aforesaid minutes of the Grand Jury which directed the filing of the aforesaid described informations against the said defendants."

It is stated in the moving papers that the motion is made in contemplation of a motion to dismiss the pending informations.

Section 952-t of the Code of Criminal Procedure prohibits access to a grand jury minutes " except upon the written order of the court   *   *   *   after hearing the said district attorney."

The power of the court to permit an inspection under certain circumstances is well settled.   (*People ex rel. Hirschberg* v. *Supreme Court*, 269 N. Y. 392, at p. 395.)

To justify an inspection the moving papers must show, among others:

a. That a reasonable effort has been made to learn, without an inspection of the grand jury minutes, what was testified before the grand jury and what was learned; what information has not been obtainable and the reasons therefor.   (*People* v. *Teal*, 60 Misc. 517.)

b. What the defendant surmises was the testimony before the grand jury, and the ground of such surmises, and that the surmises are reasonable.

c. That the motion is in good faith; that a motion to set aside the indictment is contemplated, because defendant believes, and such belief is reasonable for the reasons stated, that the grand jury received other than legal evidence to such an extent and in such a manner as to invalidate the indictment; that the legal evidence is insufficient to warrant the indictment and defendant intends to move to set it aside on constitutional grounds. (*People* v. *Glen*, 173 N. Y. 395; *People* v. *Sexton*, 187 id. 495.)

The moving papers do not comply with the foregoing requirements.

The sole purpose of permitting a defendant to inspect the grand jury minutes is to enable him to move to set aside the indictment on the ground that his constitutional rights have been invaded. (*Matter of Montgomery*, 126 App. Div. 72; *People* v. *Jakeway*, 88 Misc. 124.)

That is not the purpose of the inspection sought.

There is no indictment charging the defendants with crime.

Informations have been filed against the defendants in the Court of Special Sessions. The avowed purpose of the inspection is to enable defendants to move to set aside the informations filed in the Court of Special Sessions.

There is no such procedure known to the law; no authority has been shown to justify the court in permitting an inspection for such a purpose. In the opinion of the court there is no such power.

Motion denied.