THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL P. RAO, Petitioner, *v.* THE WARDEN OF THE CITY PRISON OF QUEENS COUNTY, Respondent.

Supreme Court, Special Term, Queens County, February 28, 1939.

*Rao, Liggio & Cannella* [*Paul P. Rao* of counsel], for the petitioner.

*Charles P. Sullivan, District Attorney* [*John H. Krogmann, Assistant District Attorney*, of counsel], for the respondent.

DALY, J. After a hearing before a city magistrate the defendant John Tormey was held for the grand jury upon a charge under section 690 of the Penal Law. At the hearing two witnesses testified, one a boy nine years of age, the other a police officer. After a preliminary examination as to the boy's capacity to take an oath the magistrate ruled that the boy was not " old enough to be sworn." His evidence was received, however, though not given under oath.

The police officer testified that the defendant had denied the truth of the charges which the boy had made in the latter's presence at the police station, and that, with the exception of two details which had not then been mentioned, the charges were substantially the same as those testified to in the Magistrates' Court. He stated, further, that on that occasion the defendant told him that he had been working all day on the date in question and that he attended a meeting somewhere in New York, at which he arrived at eight o'clock in the evening. The crime of which the defendant is accused is alleged to have been committed at about seven o'clock that evening.

In the present proceeding, as in the Magistrates' Court, the defendant contends that the boy's charges have not been corroborated by other evidence — hence his unsworn testimony alone was insufficient to hold defendant for action by the grand jury. The learned magistrate, in disposing of this contention, remarked: " I am not convicting him; I am merely holding him for the grand jury."

In making this distinction I am of opinion that the court overlooked the vital portion of section 392 of the Code of Criminal Procedure, which speaks of the terms " held " and " convicted " in disjunctive language. After providing that in any criminal proceedings where a child actually or apparently under the age of twelve years, offered as a witness, does not, in the magistrate's opinion, understand the nature of an oath, his evidence may, nevertheless, be received if, in the opinion of the court or magistrate, the child is possessed of sufficient intelligence to justify the reception of the evidence, this statute provides further: " *but no person shall be held or convicted of an offense upon such testimony unsupported by other evidence.*" The " holding " is thus divided and disconnected from the " convicting " by the express language of this statute, the terms of which are applicable to either of the separate steps in a criminal prosecution, therein referred to —" held or convicted."

While I am not unmindful of the fact that under section 208 of the Code of Criminal Procedure and under the ruling of the Appellate Division, this department, in *People ex rel. Willett* v. *Quinn* (150 App. Div. 813, 827), the committing magistrate " is not required to exact the full measure of proof necessary to secure a conviction but is obliged to hold one accused of crime for trial if there is reasonable ground to believe him guilty," the plain language of section 392 of the Code of Criminal Procedure may not be ignored and a person accused of a crime either held or convicted solely upon the unsworn testimony of an infant under twelve years of

age, without other evidence to corroborate it. Such other evidence was not present in the instant case. Indeed, a reading of the stenographer's minutes establishes that the ruling of the magistrate that the complainant infant could not be sworn was unexpected and that at least one other prosecution witness was available, though not in court. The testimony of the police officer obviously did not corroborate the boy's charges.

I realize the natural tendency of the committing magistrate to freely draw inferences from the testimony in a case involving the revolting and despicable crime here charged, but " due process of law " must be observed.

As said in *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559): " This act [referring to the habeas corpus act] has always been construed in favor of, and not against, the liberty of the subject and the citizen; and the reading must be the same whether the benefit of it is invoked by the purest and best citizens of the State, or the greatest sinner, and the one most worthy of condign punishment. The law is no respecter of persons, and suffers no man, be he guilty or innocent, to be deprived of his liberty, except ' by due process of law;' and the writ of habeas corpus is as available, even to the guilty, and he whom the popular voice would condemn, as it has proved against commitments by the king in council."

The district attorney urges that there is a distinction between the terms " holding for the Grand Jury " and " holding for trial," and that evidence for the former need not be as strong as for the latter; that, moreover, to uphold the contention urged by the defendant, would result in a partial repeal, by judicial edict, of the provisions of section 208 of the Code of Criminal Procedure. I am of opinion that such distinction does not obviate the necessity of establishing before the committing magistrate, as required by the provisions of such section, by *sufficient evidence*, (1) that a crime has been committed, and (2) that there is sufficient cause to believe the defendant guilty thereof. The Legislature, by its enactment of section 392 of the Code of Criminal Procedure, has stated that the unsworn testimony of a child under twelve years of age is *insufficient*, standing alone, either to hold *or* convict.

The district attorney has cited the case of *People ex rel. Giallarenzi* v. *Munro* (150 Misc. 41), in support of his contention that no corroboration was necessary to hold the defendant herein. In that case a defendant charged with murder in the first degree was held for the grand jury, where the sole testimony before the committing magistrate was that of an accomplice. There was no corroboration. There is, however, an important distinction between the language of section 399 of the Code of Criminal Procedure, relating to

accomplices, and section 392. In the former it is provided that " a conviction cannot be had upon the testimony of an accomplice, unless he be corroborated," etc. In the latter section the language is: " no person shall be *held or convicted*," etc., upon the unsworn, uncorroborated testimony of a child under twelve years of age.

The writ is accordingly sustained, and the prisoner discharged.