THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACK RUBIN, Defendant.

Court of General Sessions of County of New York, April 19, 1939.

*Thomas E. Dewey, District Attorney* [*Thomas F. Moore, Deputy Assistant District Attorney*, of counsel], for the plaintiff.

*McManus, Ernst & Ernst* [*Terence J. McManus* of counsel], for the defendant.

FRESCHI, J. The indictment here contains two counts. Larceny is charged in the first count and criminally receiving and concealing stolen property in the second.

Upon the argument the district attorney stated that he would elect to proceed with the prosecution of the second count only; hence, all demands except the third and fourth were withdrawn by defendant and he now demands to be furnished with particulars as to *the place where he received the said stolen property and the place where he concealed or withheld the said property.*

Learned counsel for the defense urges that a bill of particulars is an appropriate remedy by analogy to the prevailing practice in civil cases with respect to applications for particulars. Generally speaking, that cannot be recognized as a standard in criminal cases in the absence of specific legislation, unless the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put on trial with greater particularity than is required by the rules of pleading. (*People* v. *Moskowitz,* 119 Misc. 817, 839.) In the absence of a specific statute providing for a bill of particulars, it has been held that no right thereto exists; but if the charge against the accused is so general or indefinite that he cannot properly declare his defense, the court should order the prosecuting officer to give him a bill of particulars. (Abbott Cr. Trial Practice [4th ed.], § 64. See *People* v. *Bellows,* 2 N. Y. Crim. 12; 1 How. Pr. [N. S.] 149; *People* v. *Jaehne,* 4 N. Y. Crim. 161.) (The latter case holds that alleging the city and county of New York as the place of crime is not indefinite.) The practice as to bills of particulars prevailed at common law and the Code of Criminal Procedure has not changed the rules which previously existed. (See cases cited in *People* v. *Moskowitz, supra.*) In effect, demanding particulars is an effort to discover and inspect part of the opponent's case. How far it should be permitted, if at all, is a matter of discretion. (Bowers, Judicial Discretion of Trial Courts, § 96; *People* v. *Lisandrelli,* 139 Misc. 129; *People* v. *Florence,* 146 id. 735; *People* v. *Rosen,* 251 App. Div. 584, 587.) The subject of discovery and inspection was generally reviewed at length in *People* v. *Gatti* (167 Misc. 545, 550.)

The place of concealment and withholding of jewelry in question must be information in his possession if the defendant did in fact commit the offense. The possession, concealment and withholding such goods is denied. Really, what the defense now seeks is evidence in the hands of the People, if that evidence exists. The district attorney cannot be required to disclose his case before trial. (*People* v. *Carillo,* 130 Misc. 679; *People* v. *Flinn,* 146 id. 423.) If the indictment contains the title of the action, the name of the

court to which it is presented and the parties, and a plain and concise statement of the act constituting the crime, then there is a compliance with section 275 of the Code of Criminal Procedure; and the information therein is sufficient to the end that it notifies him of the nature and character of the crime charged against him, identifying the particular transaction complained of, so that he may prepare his defense, and enables the court upon conviction to pronounce judgment according to the right of the case. (*People* v. *Farson*, 244 N. Y. 413. See, also, Code Crim. Proc. § 284.) The indictment in this case on its face conforms to the requirements of the sections cited both as to form, substance and sufficiency. (*People* v. *Gilbert*, 96 Misc. 660; *People* v. *Levy*, 123 id. 845; *People* v. *Dilliard*, 163 id. 146, 150; affd., 252 App. Div. 125; *People* v. *Rosen*, 251 id. 584.)

Matters of evidence need not be alleged in an indictment or bill of particulars. (Joyce on Indictments [2d ed.], §§ 277, 278; *McIntosh* v. *Pullman Co.*, 53 Misc. 286; *Tuttle* v. *People*, 36 N. Y. 431, 436; *Tully* v. *People*, 67 id. 15; *People* v. *Nussbaum*, 87 Misc. 269; *People* v. *Willis*, 158 N. Y. 392; *People* v. *Knapp*, 206 id. 373, 384; *People* v. *Farson*, 244 id. 413.) The criminal act must be identified but not the specific place of its occurrence. The crime charged here is alleged to have been committed in the county of New York which is sufficient as a " place within the jurisdiction of the court." (*People* v. *Horton*, 62 Hun, 610; *People* v. *Jaehne*, 4 N. Y. Crim. 161, 163.) For instance, in an indictment charging the keeping of a poolroom, it is not necessary to specify the particular house in which the room was located, unless it appears that the defendant may be misled or prejudiced in his defense. (*People* v. *Stedeker*, 175 N. Y. 57; *Taylor* v. *Security Mutual Life Ins. Co.*, 73 App. Div. 319, 324.) That practically states the general rule. If this were a simplified indictment, under the requirements of chapter III-A of title V of part IV of the Code of Criminal Procedure, the defendant would be entitled to a bill of particulars to amplify the pleading and to inform the defendant with reasonable certainty of the claim made by the People as a matter of right. (*People* v. *Bogdanoff*, 254 N. Y. 16, 24. See, also, Report of Special Committee on the Revision of the Code of Criminal Procedure to the Commission on the Administration of Justice, N. Y. Legis. Doc. [1935] No. 70C, p. 9.)

There is a dictum that section 295-g of the Code of Criminal Procedure should not be limited in its scope and application. (*People* v. *Rosen*, 251 App. Div. 584, 587.) It seems that the court may act under its inherent power in other proper cases to promote justice and effect the objects of the law. (*Tilton* v. *Beecher*, 59 N. Y. 176, 184.)

There is no substantive right upon the circumstances appearing in the motion papers to the information sought regarding the particular place where the alleged stolen property was received or concealed; *and a claim that this information is sought to obviate ambiguity cannot reasonably be supported under this indictment,* as was done in the *Carillo* case (*supra*), where by two indictments the same defendants were charged with acting in concert and together killing two men at different times in the same place and on the same day.

Motion denied.