THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HAROLD W. CARVER and Others, Defendants.

County Court, Kings County, January 25, 1940.

*John H. Amen, Special Assistant Attorney-General,* and *William J. Butler, Special Deputy Attorney-General,* for the plaintiff.

*Leo Healy,* for the named defendant.

FITZGERALD, J.  This is a motion for an inspection of the grand jury minutes.  The defendant was indicted for a violation of sections 378 and 1862 of the Penal Law — bribery of a public officer. The indictment was transferred to the Supreme Court by an order of that court dated January 8, 1940.  Although the indictment

was transferred, control of the minutes of the grand jury remains in this court, where the indictment was found. (*People ex rel. Hirschberg* v. *Supreme Court*, 269 N. Y. 392.)

A preliminary objection is made to the motion on the ground that the moving papers do not comply with the requirements held to be essential to support such an application. (*People* v. *May*, 158 Misc. 488.)

In that case, decided February 26, 1936, I set forth what the moving papers in motions similar to that now under consideration should contain. Prior to that time, however, section 271 of the Code of Criminal Procedure provided that the names of witnesses appearing before the grand jury should be indorsed on the back of an indictment. That section was repealed by chapter 22 of the Laws of 1936, in effect February 24, 1936. The effect of that repeal was not considered in the decision in the *May* case. The result of such repeal, however, has made it difficult, if not impossible, for movants to comply with the requirements enumerated in *People* v. *May* (*supra*). The practice now is for the court, if it deem the application to be made in good faith, to examine the minutes as a basis for determining whether there is reasonable ground to infer that a motion to dismiss the indictment for the reason that legally insufficient or incompetent testimony was the basis of the grand jury's action would prevail.

The contention of the defendant is that the indictment is the result of the testimony of a witness, now incarcerated upon a conviction for bribery, and that there is no corroborating testimony.

Section 399 of the Code of Criminal Procedure provides: " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime."

Section 392 of the Code of Criminal Procedure provides that the rules of evidence in civil cases are applicable to criminal cases unless otherwise specifically provided in the Code. Rules are set forth therein to govern the testimony of children actually or apparently under twelve years of age. " But," the section continues, " no person shall be held or convicted of an offense upon such testimony unsupported by other evidence."

That statute differs from section 399 in that while section 399 inhibits a *conviction* upon the uncorroborated testimony of an accomplice, section 392 precludes even a *holding* of a person upon children's testimony under the circumstances prescribed.

In *People* v. *Fagan* (163 Misc. 495, 496) that distinction is pointed out.

In *People ex rel. Rao* v. *Warden* (170 Misc. 834) that distinction is emphasized. " The language of section 2013 of the Penal Law is that ' no *conviction* can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence.' There is no prohibition against the finding of an indictment for rape upon the testimony of the complainant alone. It is only upon the trial that the testimony of the complainant must be corroborated, otherwise there can be no *conviction.*" (Italics in original.)

Even if it were conceded that there was no testimony before the grand jury, other than that of accomplices, a motion to dismiss in advance of trial would be premature and futile, and under such circumstances an inspection should not be granted.

Motion denied.