J. Kehueth Servé, J.
The above-named defendant Carde was jointly indicted with Artemio Bodriguez Bodriguez for the crime of murder in the first degree on two counts. The *307 attorneys for the defendant Carde have made an application to this court for an order to permit them to inspect the minutes of the Grand Jury which presented the indictment, or in the alternative, to dismiss the indictment on the ground that the same was contrary to law, in that it is founded on insufficient, inadequate and illegal evidence.
The application for the relief sought is based upon several grounds alleged in the motion papers. It is claimed that there is no statement of fact in the indictment that alleges which of the defendants is charged with actually shooting the victims involved, nor does the indictment set forth which of the victims the defendant Carde is alleged to have shot. To acquire such information, it is not necessary to inspect the minutes of the Grand Jury, but the same can be obtained by demanding a bill of particulars.
As an additional reason for the inspection of the Grand Jury minutes, the attorneys for the defendant urge that the indictment in its form is insufficient to comply with the requirements of an indictment drawn in the common-law form, and that if the indictment is drawn in the short form permitted by the Code of Criminal Procedure, it is of no assistance to the counsel for the defendant in determining adequately the crime with which the defendant Carde is charged, and consequently an adequate defense cannot be prepared therefor. In order to sustain such an attack upon the indictment it is not necessary to resort to an inspection of the Grand Jury minutes. Another type of motion can be made to raise those objections to the indictment.
The attorneys for the defendant also claim that in view of the fact there were no eyewitnesses to the crime charged, it is reasonable to assume that the indictment against the defendant Carde is based principally upon an alleged confession of the defendant. It is further claimed that the alleged confession was obtained while the defendant was held in custody in violation of the provisions of section 165 of the Code of Criminal Procedure, and that the same was not voluntarily made, and consequently constituted incompetent evidence. Unnecessary delay in arraigning the defendant before a Magistrate does not in and of itself invalidate a confession. The question as to whether or not a confession is voluntary cannot be tested upon a motion to inspect the minutes of the Grand Jury, or on a motion to dismiss the indictment prior to trial. The issue, as to whether or not a confession is voluntary because the defendant has not been promptly arraigned in compliance with the provisions of section 165 of the Code of Criminal *308 Procedure, is to be determined at the time of the trial (People v. Scanlon, 37 N. Y. S. 2d 599).
An examination of the Grand Jury minutes is not permitted merely to inform the defendant of the evidence upon which the indictment is based (People v. Mitchell, 140 Misc. 869). The evidence before the Grand Jury is sufficient to find an indictment if such evidence, unexplained and uncontradicted, would warrant a conviction by a trial jury; that is the test, and that is all that is necessary.
In order to justify the granting of an application for an examination of the Grand Jury minutes, it is enough if facts be shown from which there is a reason to believe that the evidence before the Grand Jury is insufficient or illegal (People v. Howell, 3 N Y 2d 672). An examination of the Grand Jury minutes should be permitted only where the court is satisfied that the dismissal of the indictment is fairly arguable (People v. Mitchell, supra ; People v. Carver, 173 Misc. 71 ; People v. Fort, 141 N. Y. S. 2d 290).
_Upon a motion to inspect the minutes of the Grand Jury, the court is authorized to read the same (People v. Howell, supra). This court has carefully examined the minutes of the Grand Jury and has come to the conclusion that the defendant Carde should be given an opportunity to inspect such minutes, to the end that a proper motion, based upon the testimony of the witnesses appearing before the Grand Jury, might be made for a review of the sufficiency of the evidence upon which the indictment was found, and to enable this court on such motion to determine whether or not the indictment should be dismissed. The application of the defendant to inspect the minutes of the Grand Jury is hereby granted.