J. Kenneth Servé, J.
The defendant has made a motion for an order to inspect the minutes of the Grand Jury, or in the alternative, to dismiss the indictment upon the ground that the same is contrary to law, and founded upon insufficient, inadequate and illegal evidence.
It is a fundamental rule that there is a presumption that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. (People v. Glen, 173 N. Y. 395 ; People v. Sexton, 187 N. Y. 495.) Examination of Grand Jury minutes cannot be had as a matter of right. (Matter of Montgomery, 126 App. Div. 72.) “ The presumption of legality may only be overcome by facts set forth in the moving papers. Surmise, supposition, conclusions or assumptions will not warrant the granting of the motion. Judicial discretion must be impelled by facts, and if a defendant cannot aver sufficient factual data in his moving papers, the permission sought should be sparingly allowed.” (People v. Banks, 27 Misc 2d 557, 558.) The granting of a motion to inspect the minutes is a matter of discretion, which is not to be exercised *734 arbitrarily or without good reason shown by the moving party and based on fact and not on mere assumption. (People v. Moody, 133 N. Y. S. 2d 332 ; People v. Fort, 141 N. Y. S. 2d 290 ; People v. Bolivar, 146 N. Y. S. 2d 529.)
The defendant was indicted by the February 1961 Grand Jury for the crime of murder in the first degree. Upon a motion made by counsel for the defendant, the indictment was dismissed. The May 1961 Grand Jury reindicted the defendant for the same crime. Each time the defendant was indicted jointly with one Artemio Rodriguez Rodriguez. Prior to dismissal of the first indictment, the attorneys for the defendant Carde were granted the right to inspect the minutes of the February Grand Jury.
Upon this motion, the attorneys for the defendant in their affidavit claim that it appears from the reading of the minutes of the February Grand Jury that there was no competent evidence, other than the statement of the codefendant Rodriguez, which in any way connected the defendant Carde to the commission of the crime charged in the indictment. This assertion is merely a conclusion of the attorneys and is not a statement of fact. It is also a surmise or guess that the evidence which was presented to the February Grand Jury is the same as was produced before the May Grand Jury and that no additional or other evidence was presented.
The moving affidavit further alleges that according to the testimony given at the preliminary hearing, there were three written statements taken by the authorities from Carde; one was taken on the night of the defendant’s apprehension, January 22,1961, and the same was presented to the February’- Grand Jury; the second statement was taken at the State Police Headquarters at Batavia, New York on the following day, January 23, 1961 and prior to the defendant being brought before the Magistrate; the third statement was taken on the evening of January 25, 1961. The argument is made that the first statement was insufficient to connect Carde with the crime charged because it is claimed the court determined that point in its decision to dismiss the February indictment against Carde. (People v. Rodriguez and Carde, 28 Misc 2d 306, 308, 310.) This contention constitutes an erroneous interpretation of the decision of this court. The February indictment against Carde was dismissed not on insufficiency of evidence, but rather because the quantum of the incompetent and invalid evidence introduced against Carde was so great that his rights were prejudiced. The incompetent and invalid evidence resulted from the introduction of Rodriguez’ (codefendant) written and oral state *735 ments, which implicated Carde in the crime charged, without cautioning the Grand Jury that such evidence could not be used against Carde.
The claim that the second statement made by Carde is not sufficient with all the other legal evidence presented to the Grand Jury to warrant an indictment is founded upon the opinion expressed by the interpreter, who participated in the taking of the statement. When the interpreter was interrogated before the February Grand Jury in regard to the second statement, she gratuitously offered her opinion that Carde did not admit any complicity in the commission of the crime. Such a conclusion was irrelevant and a usurpation of the functions of the Grand Jury. There are no allegations in the moving papers to show that the second and third statements were presented to the Grand Jury.
As an additional reason for inspection of the minutes or dismissal of the indictment, it is alleged the defendant’s constitutional rights were violated in that a statement was taken from him in the absence of his counsel. There is nothing in the moving papers which shows that the defendant was represented by counsel at any time a statement was taken from him. There is no allegation that, if the defendant did make such a statement, such statement was presented to the Grand Jury. Furthermore, the District Attorney in his opposing affidavit has categorically stated that no statement or part of any statement made by the defendant, subsequent., to the District Attorney being informed that defendant was represented by counsel, was introduced or in any way presented to the Grand Jury.
The moving affidavit is replete with conclusions, surmises and conjectures. There are no allegations of fact upon which the court, using its discretion, can act. (People v. O’Keefe, 198 Misc. 682, 684.) In order to justify the granting of the motion, facts must be shown from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 31.) The defendant has not met the test which will permit the granting of the motion to inspect the minutes of the Grand Jury and the motion is hereby denied.
The alternative motion to dismiss the indictment is based upon the grounds that the same was contrary to law and founded upon insufficient, inadequate and illegal evidence; A motion to dismiss an indictment at this stage of the proceedings is not granted in the absence of a clear showing that the competent evidence produced before the Grand Jury was insufficient to *736 find an indictment. “ The motion to dismiss for-evidentiary insufficiency raises a question for the court, in which event it should examine the minutes, but only if defendant supplies extrinsic proof that there is evidentiary insufficiency.” (People v. Howell, 3 A D 2d 153, 155-156, affd. 3 N Y 2d 672.)
In the case of People v. Howell (3 N Y 2d 672, 675, supra) the court in its majority opinion stated: “ If the motion to inspect is denied, the Grand Jury minutes are not before the court on the motion to dismiss the indictment.” On the same point, at page 676, the court said: “ The denial of that motion to inspect the Grand Jury minutes signified that they are not to be considered as having been before the court on the motions to dismiss the indictment.”
In view of the fact that the motion to inspect the minutes of the Grand Jury is denied, then, under the Court of Appeals ruling in the Howell case, the Grand Jury minutes are not before this court on the motion to dismiss the indictment. For the reasons above stated, the motion papers do not disclose facts from which there is reason to believe that the evidence before the Grand Jury was insufficient or illegal. The defendant has failed to overcome the presumption that the indictment was based upon legal and sufficient evidence. The motion to dismiss the indictment as to Carde is hereby denied.