Francis J. Donovan, J.
By consent of all parties, jury selection was begun in a joint trial of two defendants which involved four informations. At a recess during the jury selection the District Attorney advised the court that he felt the court lacked jurisdiction over one of the charges, namely a charge against John De Bidder, and the District Attorney now moves to dismiss on that ground.
Stripped of all the preamble and the statutory language, the information states ‘ ‘ He did engage in policy ’ ’.
The District Attorney presents a copy of an indictment which charges that the defendant, John De Bidder, knowingly advanced *637 or profited from unlawful gambling activities by receiving, in connection with a lottery, policy scheme or enterprise, money or written records from a person other than a player whose chances or plays are represented by such money or records.
The second count in the indictment charges that the defendant, with knowledge of the contents thereof, possessed writings, papers, instruments and articles of a kind commonly used in the operation, promulgation and playing of a lottery, policy scheme or enterprise, constituting, reflecting and representing more than 500 plays and chances therein.
The motion was opposed by counsel for defendant De Bidder on the ground that there was no proof of identity of the charges.
It is impossible to look into that issue without considering the question of the sufficiency of the information itself. The second question will be reserved for later discussion.
The second information against John De Bidder charges a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that “■ He did suffer or permit his premises to become disorderly in that he permitted gambling on the premises.”
Next there is an information charging the two defendants, Lazarus Harrison and John De Bidder, which states: “ The defendants did agree to commit the offense of promoting gambling in the second degree in violation of section 225.05 of the Penal Law of the State of New York; and, among other overt acts in furtherance of said conspiracy, defendants did engage in policy.”
The fourth and last information charges the defendant Harrison, alone, in two counts. The first count alleges a violation of section 225.05 of the Penal Law in that “ he did engage in policy ”. The second count alleges a violation of subdivision 2 of section 225.15 of the Penal Law in that “ defendant had in his possession paper on which he recorded bets in an amount exceeding ten bets ”.
The attorney for the defendant Harrison took no position on the motion.
We will first consider whether or not this court is precluded from proceeding against John De Bidder by reason of the indictment.
There are two cases pertinent in evaluating or determining this question. The first is People v. Nelson (298 N. Y. 272). There the defendant was charged with two offenses arising out of the killing of a pedestrian by a vehicle operated by the defendant. One information charged the felony of criminal negligence ; the other charged the misdemeanor of leaving the scene *638 of an accident. Subsequently evidence was presented to the Grand Jury and on the adjourned date in the City Court the District Attorney reported that the jury had returned “ no bill ” on the felony charge. The defendant thereupon moved to dismiss the charge of leaving the scene of the accident on the ground that the matter had been presented to the Grand Jury and accordingly no further prosecution could be maintained. Judge Fuld said in part (pp. 275 and 276): “ Of no consequence here is the circumstance that the grand jury heard evidence which might have supported the misdemeanor accusation. * * * Before a grand jury may be said to have acted upon a charge there must be some indication that they knew about and considered the charge.”
This is the rule to be applied where the charges are distinct charges; that is to say, where one charge is not included in the other. In the latter situation, we must consider People v. Field (15 N. Y. S. 2d 561). While this is a lower court decision it illustrates the principle fairly well and rests, in turn, on People ex rel. Flinn v. Barr (259 N. Y. 104). In People v. Field, the court was considering a charge of third degree assault in a case where the Grand Jury had considered the facts and reported no bill on a charge of felonious assault. The court said (p. 565) : “ The offense charged against this defendant and examined by the Grand Jury was a felony. Its duty was to indict the defendant for assault third degree, if the facts so warranted but did not show assault second degree. ’ ’
The reason behind this rule is the same as that which underlies the prohibition against double jeopardy.
The Grand Jury in the case before us had the power to indict for the major felony and the minor misdemeanors that are subsidiary to and included within it. Upon a trial, on the indictment of Mr. De Bidder in the County Court, the County Court Judge, if requested to do so, would charge the jury that it might, if the evidence were sufficient, find the defendant guilty of any one of several misdemeanor charges that readily come to mind, under the circumstances here. As contended by defense counsel, the court could wish for more facts so that the charges- could be better compared; nonetheless, it is obvious that whatever charge could be tried on the information here would be included in and be part of the felony for which this defendant has been indicted.
On the District Attorney’s motion, the charge of a violation of section 225.05 of the Penal Law against John De Bidder is dismissed for lack of jurisdiction.
We will now take up the question of the adequacy of the information which was just dismissed on motion of the District Attor *639 ney, as well as the other three informations heretofore mentioned.
This matter deserves consideration in a formal way because the problem has been recurrent on a daily basis in this court. Discussions with the prosecutor have indicated that there is considerable doubt as to what are the essentials of an adequate information.
There has been some difference of opinion evidenced by the dissents in recent cases in the Court of Appeals. However that court has firmly established in People v. James (4 N Y 2d 482) the twofold purpose of an information, namely (1) to apprise the defendant of the nature of the charge against him and (2) to satisfy the Magistrate that there is suEcient legal evidence to furnish reasonable ground for believing that a crime had been committed by the defendant. There is no dispute with the prosecution as to the first purpose being satisfied by the informations in this case. The disagreement comes when we consider the second purpose.
In People v. Jeffries (19 N Y 2d 564) the Court of Appeals has again emphasized the second purpose. It should be obvious that the Court of Appeals has been concerned about the possibility of persons being held in bail and otherwise injured by a prosecution where no probable cause has been shown for a belief that such person has committed a crime.
We are here dealing with a matter which covers the same field as a requirement for probable cause in a case of arrest or probable cause for the issuance of a search warrant.
This is abundantly clear from that court’s statement in People v. Boback (23 N Y 2d 189, 193): “ Traditionally, the purpose of the rule requiring verified informations by persons competent to testify to the facts contained therein is to deter the bringing of baseless prosecutions by demanding ‘ that criminal proceedings be underpinned by ‘1 the sanction of an oath and subject to the penalty for perjury if willfully false ” ’.”
We do not lack for authorities establishing what the law means by probable cause. At the least it means some evidence, some observations, some records or other evidence of a legal nature.
There may be room for disagreement as to whether certain facts are suEcient, but there is no room for disagreement with the proposition that some facts or some legal evidence must be supplied.
Bald conclusions and statutory language will not suEce when tested by this standard. The only information in this case which can possibly be sustained is the information against Lazarus Harrison alone, consisting of two counts. Count one of that information states no facts. Count two however does set forth *640 factual matter of an evidentiary nature in that it states a matter of observation, namely that the defendant had in his possession papers on which were recorded bets in an amount exceeding 10.. bets.
While this is not much in the way of facts, nonetheless it is the opinion of the court that it is sufficient to establish probable cause for both count two and count one.
This information will stand for trial, and the other three informations are dismissed for failure to set forth legal evidence sufficient to satisfy the court as to probable cause.
On the consent of the defendant, Harrison, the jurors previously selected are excused and trial on the remaining information will proceed after a new panel of jurors has been selected.