Marquette L. Floyd, J.
Defendant moves to dismiss the information or in the alternative, for a bill of particulars.
Defendant is charged with leaving the scene of an accident in violation of section 600 of the Vehicle and Traffic Law. The information was sworn to by Detective Donald J. Rotts who alleged, in part — “ Source of this information and grounds for its belief being an oral conversation had by your deponent with Ptl. T. Bourie, #1511, S.C.P.D. on 5/10/70 in which he stated, ‘ I responded to an accident at Rt. 25-A, Smithtown and found Thomas Sullivan has been struck by an unknown vehicle, said unknown vehicle not being at the scene. ’ And the oral conversation had by your deponent Clifford Bishop on 5/10/70 in which he stated, ‘ On 5/10/70 I was driving my 1961 Volkswagen Sedan on Rt. 25-A, when I got home I checked my car and saw all the damage but I didn’t remember hitting anything.’ And an investigation conducted by your deponent.*’ ’
Defendant argues that the information is defective because it fails to set forth the location of the accident and, since the information is not based upon personal knowledge, it does not have supporting affidavits or establish how the defendant was connected with the crime. The information alleged that the incident had occurred in the Hamlet of Smithtown, in the Town of Smithtown, and this was a sufficient jurisdictional allegation. (People v. Hudson Val. Constr. Co., 217 N. Y. 172; People v. Rubin, 170 Misc. 969; cf. Code Crim. Pro., § 284.)
The present information is sufficient to apprise the defendant of the nature of his acts and the crime charged and cannot be objected to upon that count. (People v. Harrison, 58 Misc 2d 636; People v. Cooper, 35 Misc 2d 90.) However, as a matter *149 of public policy, the courts, in an effort to deter baseless prosecutions, have established the requirement that criminal prosecutions be underpinned by the sanction of an oath which would subject the complaint to the penalty of perjury if it is willfully false (People v. Boback, 23 N Y 2d 189).
In People v. James (4 N Y 2d 482) the court stated at page 486: “ It is in this contest that reasonable guarantees against baseless prosecutions not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated. It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay.”
Applying this test the court has held that hearsay is not objectionable if the source is stated and is reliable. (People v. Tennyson, 19 N Y 2d 573 [victim] but that generalized hearsay is insufficient; People v. Jeffries, 19 N Y 2d 564 [conversations].)
In the information before us the officer does set forth the sources of his information. However, the conversations with his brother officer merely indicated that no one was at the scene of the accident when he arrived. The additional allegation of the officer’s investigation is equally insufficient to support the information. The investigation could have amounted to anything and thus falls within the nature of generalized hearsay which has been held insufficient to support an information. (People v. Jeffries, supra; People v. Taylor, 159 Misc. 536.)
The information may be upheld only if the additional conversation with the defendant is sufficient. (See People v. Jacoby, 304 N. Y. 33.) I do not believe it is. The admission does not connect the defendant with the present crime. Indeed it does not really constitute the admission of the crime of leaving the scene of an accident since the damage could have been sustained while the car was parked, or at some other time when the defendant was not present in the vehicle. Admittedly, this is a close case, but the better procedure would be to dismiss the information and allow the People to lay a new information. Even if the defendant’s admission did amount to the crime of leaving the scene it still would not connect the defendant to the present charge, but in that case I would be inclined to uphold the information and allow the evidence at trial to tie the defendant to the crime alleged.
In accordance with this view, it is not necessary to consider the defendant’s alternate request for a bill of particulars.
The motion to dismiss zis granted.