David 0. Boehm, J.
The defendant demurs to an indictment which charges him with the crime of perjury in the first degree, in violation of section 210.15 of the Penal Law of the State of New York, as follows: “The defendant, on August 10, 1970, at the City of Rochester, Monroe County, New York, knowingly and feloniously swore falsely under oath while giving testimony before the Grand Jury of the County of Monroe and that such false statement consisted of testimony and which was material to the action, proceeding or matter in which it was made.”
The defendant previously entered a plea of not guilty and was permitted to withdraw his plea in order to demur to the indictment.
The basis for the demurrer is that the indictment fails to comply with section 291 of the Code of Criminal Procedure in not setting forth the substance of the controversy or matter with respect to which the crime was committed. Section 291 was intended to dispense with the substantial pleading requirements pre-existing its enactment. The Bill or Revision notes (L. 1881, ch. 442) state: “This section is intended to carry out the principle contained in § 304 [enacted as § 287], and will have the effect of dispensing with many technical recitals, leading to variances between the indictment and the proof, and calculated to defeat the ends of justice.” (Report of Comrs. on Practice and Pleadings, p. 155, dated Dec. 31, 1849.)
The defendant argues that notwithstanding such permissible statutory simplification, it is mandatory, nevertheless, that the circumstances of the controversy or matter in respect to which the crime was committed be set forth in the indictment, which was not done here, and cites People v. Gillette (126 App. Div. 665) in support.
*722 However, People v. Gillette, which allowed a demurrer to an indictment for perjury because of inadequate compliance with section 291, dealt with a long form indictment under sections 275 and 276 of the code. As to such an indictment, the First Department held in Gillette, the common-law requirement that the proceedings in which the perjured testimony was given be set forth at length was modified by section 291 so that it is no longer necessary to set forth an account of the pleadings, record or proceedings with which the testimony under oath was connected.
However, we are not here dealing with a long form indictment. This indictment falls within the less stringent pleading requirements of chapter III-A (“ Simplified indictments ”) of the code, to which section 291 does not apply. Measured by the requirements of sections 295-b to 295-d, the indictment under consideration is sufficient. (See People v. Frosini, unreported decision of this court, dated Dec. 28, 1970.)
Consequently, the defendant is entitled to a bill of particulars, upon demand, as a matter of right (Code Crim. Pro., § 295-g), and such bill of particulars should, at a minimum, furnish the information required by section 291. (People v. Lisandrelli, 139 Misc. 129, 132.)
The defendant would also be entitled to inspect the Grand Jury minutes if the bill of particulars failed to adequately inform him of the nature and character of the crime charged against him. (People v. Burke, 30 A D 2d 252, affd. 24 N Y 2d 852.)
The demurrer is disallowed and the case shall be placed upon the calendar of this court for the defendant to enter a plea to the indictment on or before February 11, 1971.