OPINION OF THE COURT
Bentley Kassal, J.
history
The indictment accused the defendant, a police officer, of two counts of grand larceny and one of official misconduct for stealing a sum of money from an individual while effecting an arrest. While the indictment did not specifically accuse the defendant of accessorial conduct in the commission of the *308 crimes or allege that any other individuals were present, evidence was admitted at trial that other police officers participated in the commission of the crimes. The jury was instructed that the actions of the other participants could be considered as evidence against the defendant if the element of accessorial conduct (Penal Law, art 20) were first established.
Defendant moves to set aside the jury verdict on the grounds that the court committed error in improperly charging the jury that the defendant could be found guilty on the basis of either accessorial conduct or his individual actions. The basis for the motion is that the indictment did not specifically accuse the defendant of accessorial conduct in committing alleged criminal acts and that the Grand Jury minutes should have been examined to determine if the Grand Jury considered and rejected this theory of criminal liability.
ISSUE
The issue presented by this motion is whether the court may charge the jury that the defendant may be found guilty on the basis of his accessorial conduct when the language of the indictment accuses him as a principal.
DECISION
In essence, it is defendant’s position that since the indictment accused him only as a principal, the court erroneously changed the theory of the indictment by permitting the introduction of evidence and charging the jury with respect to his liability as an accessory.
The principal cases cited by defendant are inapposite since they deal with the situation that arises when the court charges a substantive crime not appearing in the indictment or amends the indictment to charge additional criminal acts or crimes. In the present case, the court did not charge an additional substantive crime (one cannot now be convicted of a crime called "accessorial conduct” but only of the underlying crime which he aids, assists, etc., another to commit). Here, the court merely explained to the jury the legal bases of potential criminal liability, in accordance with the proof on trial. The jury was instructed that the defendant could be found guilty of the crimes charged on the basis of his independent conduct or under article 20 of the Penal Law if he solicited, requested, commanded, importuned or intentionally *309 aided another person to engage in such conduct, with the appropriate mens rea.
The above jury instructions did not go beyond that which was encompassed by the indictment. It has long been held that an indictment need not specify that the defendant solicited, requested, commanded, importuned or intentionally aided another in the commission of the crime charged. "It is sufficient that the indictment charged him as a principal in the words of the statutes proscribing the conduct.” (People v Alvarez, 88 Misc 2d 709, 714; People v Katz, 209 NY 311, 325-326; People v Bliven, 112 NY 79; People v Henry, 18 AD2d 293.)
As long ago as 1889, our Court of Appeals thoroughly considered this question and, after reviewing the history of this area of the law, came to the conclusion that such indictments are sufficient. As the court stated in People v Bliven (supra, pp 92-93): "By holding this indictment [accusing the defendant in the language of a principal] to be insufficient to admit proof of the defendant’s guilt, by reason of his procuring and advising the act to be done instead of doing it himself, we think we should be taking a step backwards in regard to the proper rules which should obtain in criminal pleadings”.
The measure of the specificity required in an indictment is that the crimes charged be described in language sufficiently clear to (1) identify the crime charged so as to bar subsequent charge for the same offense, and (2) enable the defendant to prepare a defense. (CPL 200.50; People v Williams, 243 NY 162; People v Brian R, 78 Misc 2d 616, affd 47 AD2d 599.)
Although similar to and containing some of the elements of the crime of conspiracy (Penal Law, art 105), accessorial conduct (Penal Law, art 20) is not now a separate crime for which a defendant may be indicted and tried. Thus, while a verdict on the underlying crime would not bar a subsequent indictment and trial for conspiracy and vice versa, the verdict on the substantive crimes charged in this indictment would certainly bar any further proceedings against the defendant as an accessory.
As to the second test of an indictment, the crimes were charged with sufficient specificity for the defendant to prepare a defense. (People v Bliven, supra.) If defendant were uncertain as to the theory of criminal liability for which he was indicted or if he desired any greater specificity, his remedy was a motion for a bill of particulars, which, in fact, he did *310 employ for amplification of other aspects of the indictment. (CPL 210.10; People v Rodriguez, 28 Misc 2d 306; People v Carillo, 130 Misc 679.)
Removing ambiguity which prevents a defendant from preparing or conducting a defense is the very purpose of a bill of particulars. (CPL 200.90; Ann. 5 ALR2d 444.) Where a bill of particulars is necessary to provide the defendant with a plain and concise factual statement of the charges against him, it will be granted. But there is no present procedure, whereby the defendant is entitled to a preview of all of the evidence which will be offered against him. Thus, while he might be entitled to know that he may be held liable for conduct of others, he need not be informed of the evidentiary particulars which the prosecutor intends to prove to show the roles played by each of the alleged participants in furtherance of the crime. (People v Carillo, supra; People v Seldner, 62 App Div 357, 359-360.)
After argument of this motion, the defendant brought to the court’s attention the recent decision of the Appellate Division, Second Department, in the case of People v Boyd (59 AD2d 558). In that case, the Appellate Division found that the trial court improperly amended the theory of the indictment by deleting the words "each aiding the other and being actually present” (People v Boyd, supra, p 560). (This was apparently done because a jury acquitted the only alleged codefendant in a prior joint trial.)
This decision clearly does not govern the facts in the present case. As previously stated, the indictment need not accuse the defendant as an accessory in order to support proof of his criminal liability for conduct of others. This does not mean that the prosecution may not elect to have the defendant so indicted. Where it does so, however, it is bound to prove the theory so charged. (People v Seldner, supra.)
In the present case, the indictment accused the defendant in the general language of the statutes. Thus, either theory of culpability, whether for independent acts or as an accessory, would be encompassed by the language of the indictment.
Accordingly, the defendant’s motion is denied.